WENDELL BUCKLEY, Respondent, *v.* 112 CENTRAL PARK SOUTH, INC., et al., Defendants, and JEROME MINSKOFF, Appellant.

First Department, December 31, 1954.

*William Jay Lippman* of counsel (*McLaughlin & Stern,* attorneys), for appellant.

*Joseph J. Jacobs* for respondent.

BASTOW, J.   The individual defendant, Jerome Minskoff, appeals from an order denying a motion under rule 106 of the Rules of Civil Practice to dismiss the second cause of action in the amended complaint.  In the first cause of action the plaintiff seeks to recover from the corporate defendant, 112 Central Park South, Inc., for commissions due for services rendered as a broker in effecting the sale of realty owned by the corporation.

The second cause of action, in substance, alleges that the plaintiff was employed by the corporate defendant acting through its representative, the appellant, to find a purchaser for certain premises owned by the defendant corporation; that he discovered certain prospective customers who were the individual defendants conducting a partnership under the name of Navarro Associates.  It is alleged that the plaintiff brought together the appellant, as the representative of the defendant corporation, and one of the prospective purchasers in an effort to bring about a mutual understanding and meeting of the minds between the owner of the property and the prospective purchaser; that thereafter the latter negotiated with the plaintiff for the sale and purchase of the realty and agreed upon all terms and con-

ditions. It is further alleged that the defendants for the purpose of depriving plaintiff of his commissions conspired and agreed among themselves to conduct the negotiations in secret and, for the purpose of deceiving plaintiff, the defendants informed him that one of the prospective purchasers was not interested in buying the property; that for the purpose of carrying out the conspiracy and to deprive plaintiff of his commissions the prospective purchaser, with the knowledge and consent of the appellant and the corporate defendant, employed the defendant, Reynolds, to act as the ostensible broker, receive the broker's commission and divide the amount among all the defendants. Plaintiff alleges that subsequently the premises were sold to the members of the partnership and the commission paid to Reynolds with the intent and purpose of depriving plaintiff of his commissions.

The appellant contends that this cause of action is legally insufficient because no liability may be imposed upon him since in this alleged transaction he was acting as a corporate officer.

The New York decisions holding that an officer or director of a corporation may not be held liable for inducing the corporation to violate a contractual relation are largely based upon the English decision in 1920 of *Said* v. *Butt* ([1920] 3 K. B. 497). It becomes important, therefore, to determine what the holding was in that decision. It appeared that the plaintiff desired to be present at the first performance of a play in a theatre of which the defendant was managing director. The plaintiff knew that because of certain charges he had made against the management his application for a ticket would be refused. Therefore, he had a friend purchase a ticket but when plaintiff appeared at the theatre he was denied admission by the defendant. The action was based upon the alleged act of the defendant in procuring the proprietors of the theatre to breach a contract for the admission of the plaintiff to the theatre. The court held that the nondisclosure of the fact that the ticket was purchased for the plaintiff prevented the sale of the ticket from constituting a contract as alleged and that the action must fail. The court then proceeded to discuss other legal points on the assumption that a valid contract had been established. The court concluded its obiter dictum with the statement (p. 506) " that if a servant acting bona fide within the scope of his authority procures or causes the breach of a contract between his employer and a third person, he does not thereby become liable to an action of tort at the suit of the person whose contract has thereby been broken." It is to be noted that the immunity stated in this

dictum was only granted to one acting " bona fide " within the scope of his employment.

The decision in *Greyhound Corp.* v. *Commercial Cas. Ins. Co.* (259 App. Div. 317) is authority for the general proposition that an agent acting generally within the scope of his authority, who induces his principal to breach a contract, is not liable in damages to the other party to the contract. The opinion contains an extensive quotation from the dictum expressed in *Said* v. *Butt* (*supra*). We were careful to point out that this exemption from liability did not extend to separate and independent torts committed by the agent. The problem has never been a simple one (see 54 Harv. L. Rev., 131, and 89 U. of Pa. L. Rev., 250), but we do not consider our holding in the *Greyhound* case to be in conflict with the conclusion here reached.

In *Navarro* v. *Fiorita* (271 App. Div. 62, affd. 296 N. Y. 783) the complaint alleged that the general manager of a corporation, maliciously designing to interfere with plaintiff's contract with the corporation, removed certain merchandise from a warehouse and converted it to his own use; that this conversion made it impossible for the corporation to perform its contract with plaintiff. In upholding the sufficiency of the complaint, we pointed out that the recognized rule of immunity from liability of the corporate officer for interference with contracts of his own corporation with third parties was based on the assumption that the officer was acting as such in the course of his employment. We said that " in converting corporate property to his own use, the officer clearly is not acting *as such for* the corporation but in his own interest *against* the corporation." (271 App. Div. 62, 64.) This was a wrong not only against the corporation but against the plaintiff as well.

It seems to us that these and other decisions in this jurisdiction crystallize into a general rule that a corporate officer who is charged with inducing the breach of a contract between the corporation and a third party is immune from liability if it appears that he is acting in good faith as an officer. It is equally clear that when the corporate officer commits independent torts or predatory acts directed at another, he may not seek refuge behind the mantle of immunity.

Before directing our attention to the second cause of action, we note, in passing, that plaintiff seeks no greater monetary relief under the second cause than under the first cause. Absent some unknown fact, such as insolvency on the part of the corporate defendant (cf. *Lukach* v. *Blair,* 108 Misc. 20, affd. *sub nom. Lukach* v. *Reigart,* 192 App. Div. 957), it would seem

that the plaintiff has a full and complete remedy by proving the relatively simple allegations of the first cause of action.

We find in the second cause of action a general allegation of a conspiracy formed among the defendants to deprive the plaintiff of his commissions. There are definite overt acts set forth that implemented this conspiracy. It is alleged, among other acts, that appellant and the other defendants for the purpose of depriving plaintiff of his commissions agreed to conduct their negotiations in secret so far as the plaintiff was concerned; that for the purpose of deceiving plaintiff the defendants informed him that the prospective purchaser was not interested in buying the property; that the prospective purchaser for the purpose of carrying out the conspiracy with the knowledge and consent of appellant and the defendant corporation, employed the defendant, Reynolds, ostensibly to act as broker; that Reynolds in furtherance of the conspiracy agreed to act as the ostensible broker, receive the commissions and divide them with the other defendants and that the sale of the property was consummated and the commissions paid to Reynolds, the ostensible broker.

Here are acts, which we must assume to be true upon this motion, far removed from the area of the original contract and which plaintiff on the trial will be obliged to prove by clear and convincing evidence. (*Lynch* v. *Gibson*, 254 App. Div. 47, affd. 279 N. Y. 634; *Fein* v. *Starrett Tel. Corp.*, 280 App. Div. 670, affd. 305 N. Y. 856.) Fraud, deceit and misrepresentation are alleged. These were independent, substantive torts committed by the appellant. The breach of the contract between plaintiff and the corporate defendant was a mere incidental event that flowed from these wrongful acts. We recognize that under the rule heretofore enunciated a corporate officer acting in good faith should be permitted to discharge his corporate duties unhampered by the fear of personal tort liability which would normally attach to a stranger who induced the breach of a contract. But when, if as here, the officer commits fraudulent, deceitful acts motivated by a personal desire for monetary gain at the expense of the plaintiff, we see no reason to shroud him with a mantle of immunity upon the fictitious theory that he was protecting the interests of the corporation, its stockholders and creditors in the performance of his duties as a corporate officer.

Running through many opinions upon the subject, there is the thread of thought that an officer of a corporation may have the right and perhaps the duty of inducing the corporation to

breach a contract of the corporation with a third party if it appears to him to be for the best interests of the corporation to do so. (Cf. *Vassardakis* v. *Parish,* 36 F. Supp. 1002, 1005.) This, of course, is but one facet of the freedom of action rule upon which the immunity is based. (Cf. 48 Harv. L. Rev., 298.) Such a consideration is absent from the instant case. Upon the facts alleged in the complaint, the defendant corporation sold its property to certain defendants. The corporation upon any view of the facts of the pleading was obligated to pay a single commission for the services of a broker. Therefore, the corporation was not to profit or lose from the consummation of the conspiracy. The tort committed was in diverting that commission by fraud and deceit to the ostensible broker, Reynolds, from the one rightfully entitled to it.

The order appealed from should be affirmed.

COHN, J. (concurring). The law is settled that an officer or director of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract where such officer or director has taken steps that have resulted in the corporation's promise being broken (*Matter of Brookside Mills [Raybrook Textile Corp.]*, 276 App. Div. 357, 367; *Greyhound Corp.* v. *Commercial Cas. Ins. Co.,* 259 App. Div. 317). It is only when he departs from the role of acting for the corporation and undertakes some action in his own personal interest that liability attaches to him (*Navarro* v. *Fiorita,* 271 App. Div. 62, affd. 296 N. Y. 783).

The charge here, that appellant as an officer of the corporation was engaged in a conspiracy to deprive plaintiff of his commissions, does not create a cause of action against him. The cause of action moved against is saved solely because of the allegation in the complaint, which we must accept as true, that defendant Reynolds, Inc., with the knowledge and consent of appellant had " agreed ostensibly to act as broker and to receive the commissions for the said sale and purchase and to divide the said commissions with the other defendants ".

Accordingly, I concur in the order of affirmance.

PECK, P. J., DORE and BREITEL, JJ., concur with BASTOW, J.; COHN, J., concurs in opinion.

Order unanimously affirmed, with $20 costs and disbursements to the respondent.