DONALD S. POTTER, Doing Business as POTTER REAL ESTATE COMPANY et al., Respondents, v. LEO MINSKOFF et al., Appellants, et al., Defendants.

Fourth Department, November 14, 1956.

*Stephen S. Bernstein, N. Earle Evans, Jr.,* and *William Jay Lippman* for Leo Minskoff and others, appellants.

*Martin F. Kendrick* for respondents.

Bastow, J. The complaint in this action has been sustained on the theory that it alleges a single cause of action for conspiracy in inducing a breach of contract. We find it difficult to agree with this conclusion and a study of the complaint makes it hazardous to state what cause of action, if any, has been alleged. It has been held that when purchasers of realty and others conspire to refrain from dealing with a duly authorized real estate broker and although accepting the fruits of his labors, prevent him from earning a commission due him as a part of the transaction, the closing of which brings benefits to all the conspirators, an actionable wrong arises. (*Keviczky* v. *Lorber,* 290 N. Y. 297, 305.) Similarly, a pleading has been sustained where it was alleged that the defendants, including a corporate officer of the owner of the property, conspired to deprive plaintiff of his commissions and to divide the equivalent of the commissions among themselves and that the conspiracy was effectuated by the payment of a portion of the commissions to the purchasers of the property and the retention by the corporate seller and its president of the remaining part. (*Hornstein* v. *Podwitz,* 224 App. Div. 11, affd. 254 N. Y. 443.)

There is, however, an equally clear rule of law that " an officer or director of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken." (*Matter of Brookside Mills* [*Raybrook Textile Corp.*], 276 App. Div. 357, 367.) The boundary line beyond which the corporate officer or director may not operate with immunity has been drawn in several decisions. (See *Buckley* v. *112 Central Park South,* 285 App. Div. 331; *Navarro* v. *Fiorita,* 271 App. Div. 62, affd. 296 N. Y. 783; *Greyhound Corp.* v. *Commercial Cas. Ins. Co.,* 259 App. Div. 317.) While not necessarily determinative, it is noteworthy that in these decisions where the pleading has been sustained and in the conspiracy actions heretofore discussed the complaint has contained allegations that the acts of

the corporate officers were done with the motive for personal gain as distinguished from gain to their corporations.

Turning to the complaint under attack we find an allegation that appellants are " the sole owners of [the defendant] Salina-Genesee Corporation and constitute the controlling directorate thereof and constitute the officers in control of the affairs thereof." There are suggestions in plaintiffs' brief that the complaint should be sustained on the theory that sufficient has been alleged to permit proof that the corporation may be disregarded as a fiction and the appellants treated as the beneficial owners of the realty. We construe the complaint as wholly inadequate in this respect. (See 1 Fletcher Cyclopedia Corporations, § 41 *et seq.*; Wormser, Disregard of the Corporate Fiction & Allied Corporate Problems, p. 42 *et seq.*)

The pertinent allegations as to the transaction are that plaintiffs as real estate brokers and pursuant to agreement with Salina-Genesee Corporation had found a purchaser for premises owned by Salina-Genesee; that before a written offer could be obtained the owner entered into a contract to sell to defendant, Central New York Holding Corp. (an alleged dummy corporation of defendant, Eagan Real Estate, Inc.), which was to be used as a conduit to transfer title to the purchaser claimed to have been found by plaintiffs. It is expressly alleged that Eagan Real Estate, Inc., was to receive the usual commission as real estate broker and there is no allegation that it was to be shared with appellants or others.

Moreover, and most important, there is no allegation that appellants induced Salina-Genesee to break its contract with plaintiffs. The fact is conversely alleged — that Central New York Holding, Inc., and Eagan Real Estate, Inc., induced Salina-Genesee and appellants to breach the agreement thereby depriving plaintiffs of their commission. The sole operative fact charged against appellants is an omnibus allegation that all the defendants agreed to withhold from plaintiffs the fact that the contract of sale had been made between Salina-Genesee and Central New York Holding. Whether that agreement was made in " good " or " bad " faith neither adds nor subtracts from the allegation. It is a conclusion of the pleader. The remainder of the paragraph is so confusingly worded and punctuated that it is impossible to determine whether the portion relating to depriving plaintiffs of their commissions is intended to be a part of the agreement of the alleged conspirators or a conclusory allegation.

We conclude that the pleading is legally insufficient. Upon the facts here presented the naked allegation that a corporate officer

or director agreed with others to " conceal " the making of a contract by his corporation is insufficient to impose upon him personal liability. As was said in *Matter of Brookside Mills (Raybrook Textile Corp.)* (276 App. Div. 357, 367, *supra*) " To hold otherwise would be dangerous doctrine, and would subject corporate officers and directors continually to liability on corporate contracts and go far toward undermining the limitation of liability which is one of the principal objects of corporations." The pleading is insufficient to set forth a cause of action against appellants for intentional interference with plaintiffs' contract rights without justification or for inducing the breach by Salina-Genesee of its alleged agreement with plaintiffs.

It well may be in the light of claims made in plaintiffs' brief that a legally sufficient complaint may be drawn but the present pleading fails to state any actionable cause against appellants. The order appealed from should be reversed, with $10 costs, and the motion granted with leave to respondents to serve an amended complaint.

All concur, except WILLIAMS, J., who dissents and votes for affirmance. Present — McCURN, P. J., KIMBALL, WHEELER, WILLIAMS and BASTOW, JJ.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, with leave to the plaintiffs to serve an amended complaint, if so advised.