William B. Groat, J.
Motion by defendants to dismiss each of two causes of action for insufficiency. The factual allegations of the complaint are assumed to be true.
*815 In the first cause of action plaintiff alleges that it is the owner and operator of a restaurant and night club located in Queens County, that the defendants Weber and Phil-Web Attractions, Inc. (hereinafter referred to as the codefendants) were the duly authorized agents of the defendant Rickies (hereinafter called the defendant), with full power to act for him in respect to his employment as a theatrical performer, that on June 1, 1956, the eodefendants as agents of the defendant, and with his full knowledge and consent, entered into an agreement for him with the plaintiff, whereby the defendant agreed to perform at plaintiff’s restaurant during the year 1956, that defendant did so perform, that the agreement granted to the plaintiff an option on defendant’s services for a period of four weeks during the year 1957, at a compensation of $325 per week for two weeks, and at $350 per week for the other two weeks-, that the date of the engagements would be mutually agreed upon but would be during the months of May, Juné, November Or December, that prior to March, 1957, plaintiff notified defendant through his agents, the codefendants, that it had exercised the option, and was engaging him for the four weeks in 1957, at any time during the stipulated months that was agreeable to the defendant, that on April 8, 1957, defendant through his agents refused to accept the engagement or to fix the dates, and defendant so notified the plaintiff, that plaintiff has duly performed the conditions on its part to be performed but that the defendant still refuses to perform for the plaintiff.
As a second cause of action plaintiff realleges all of the allegations of the first cause of action, and in addition that the defendants conspired to interfere with plaintiff’s contract with the defendant, and that the codefendants induced the defendant to breach the same and to refuse to render his services to the plaintiff.
With respect to the first cause of action defendants’ first contention is that inasmuch as the date of defendant’s engagement was to be mutually agreed upon by both parties, -there is no enforcible agreement, citing May Metropolitan Corp. v. May Oil Burner Corp. (290 N. Y. 260). In that very ease, however, the Court of Appeals, while affirming the principle that ‘ ‘ A contract is incomplete and unenforceable when, as to some essential term, there has been no agreement but only an agreement to agree in the future ”, went on to say “ But a contract is not necessarily lacking in all effect merely because it expresses the idea that something is left to future agreement.” (P. 264.)
Similarly, Williston in Ms work on Contracts (rev. ed., Vol. 1, § 40, p. 114) says: ‘ ‘ Frequently the time stated in a promise is *816 qualified by the use of the word ‘ about. ’ This will not render the promise too indefinite for enforcement. The words must be interpreted with reference to the particular circumstances of the case.”
In the instant case the parties definitely stated the four months of the year in which performance was to occur. In addition, plaintiff left the choice of the particular time to the defendant. Under such circumstances it cannot be said that the agreement was too indefinite to be enforcible.
Defendants’ second contention, that the agreement is vague and indefinite, is in effect a repetition of the first argument which has already been rejected.
Defendants’ third contention is that an agent for a disclosed principal, acting within the scope of his authority, is not liable for a breach of the contract unless the intent to bind himself personally clearly appears. That statement of law is correct (Keskal v. Modrahowski, 249 N. Y. 406; Mencher v. Weiss, 306 N. Y. 1), and the first cause of action is, therefore, insufficient as to the codefendants since they allegedly were acting only as the agents of the defendant. The first cause of action is, however, sufficient as to the defendant himself.
With respect to the second cause of action defendants contend that an alleged conspiracy by a contracting party with others fails to state a cause of action against any defendant. This is not quite correct. It is true that an allegation of conspiracy by a contracting party to breach his own contract does not constitute an independent cause of action, and this cause of action is insufficient as to the defendant himself. (Friedman v. Roseth Corp., 270 App. Div. 988, affd. 297 N. Y. 495; Labow v. Para-Ti Corp., 272 App. Div. 890.) As to the codefendants, however, the second cause of action sufficiently alleges an action for inducing the defendant to breach his contract. (Hornstein v. Podwitz, 254 N. Y. 443.)
Nor did the codefendants acquire immunity for their acts because they were acting as agents. (2 Restatement, Agency, § 343, p. 753.) The cases cited by the defendants are readily distinguishable since they involve corporations which can act only through their officers, directors and agents. (Potter v. Minshoff, 2 AD 2d 513, 514.)
The motion is granted to the extent of dismissing the first cause of action as to the codefendants, and dismissing the second cause of action as to the defendant.
Submit order accordingly.