■ LENORE V. BEAUMONT v. JEAN BEAUMONT et al.— Motion by intervenor-defendant-respondent, Twenty-Two Eleven, Inc., to dismiss appeal from order entered March 21, 1960, granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before April 28, 1960, with notice of argument for May 10, 1960, said appeal to be argued or submitted when reached. In all other respects, the motion is denied. Concur — Breitel, J. P., Rabin, M. M. Frank, Stevens and Bastow, JJ.

## (April 19, 1960)

■ ESTHER GREENBERG, Respondent, v. ROSOFF REALTIES, INC., Appellant.— Order granting a motion of plaintiff-respondent to vacate the dismissal of the complaint unanimously modified, on the law and on the facts and in the exercise of discretion, to condition the granting of the motion upon payment by plaintiff-respondent of a full bill of costs to date, and the order is otherwise affirmed, with $20 costs and disbursements to defendant-appellant. The reasons for the delays in prosecution are such that the further imposition of costs is warranted. Concur — Botein, P. J., Breitel, M. M. Frank and Valente, JJ.; McNally, J., dissents and votes to reverse and deny the motion.

■ IRWIN LAGER et al., Respondents, v. SU SU FASHIONS, INC., et al., Appellants.— Order unanimously reversed on the law, with $20 costs and disbursements to appellants and motion to dismiss the second cause of action granted, with $10 costs, to appellants with leave to replead in accordance with this memorandum. The allegations of the second cause of action as are directed against the corporate defendant essentially add nothing to the action for breach of contract set forth against the corporation in the first cause. Nor do the allegations that the corporation conspired to breach its own contract obligations set forth a cause of action (Labow v. Para-Ti Corp., 272 App. Div. 890). As for the individual defendants, they may not be held accountable for aiding or assisting the corporation to breach its contract with the plaintiffs unless such conduct constitutes separate and independent torts for their personal gain and profit apart from the interest of the corporation (Buckley v. 112 Central Park South, 285 App. Div. 331). No such allegations are set forth nor may we infer such conduct from what is pleaded. Although the individual defendants may be held liable for any breach of the contract to the extent that they personally assumed some of the obligations thereof no such cause is pleaded. If the facts warrant and if the plaintiffs are so advised they may replead as against the individual defendants to assert any cause of action that may lie against them in contract. Concur — Botein, P. J., Rabin, M. M. Frank, McNally and Stevens, JJ.