■ ARTHUR U. POPE, as President of the International Association for Iranian Art and Archaeology, et al., Appellants, v. ZECKENDORF HOTELS CORPORATION, Defendant, and CLAUDIUS C. PHILIPPE, Respondent.— Order, entered April 1, 1963, granting the individual defendant's motion to dismiss the amended complaint for legal insufficiency or, in the alternative, to dismiss the third and fourth causes of action, modified, on the law, without costs to any party, to the extent of denying the motion with respect to the first cause of action alleging acts of conversion by the defendants, and the order is otherwise affirmed. Even under the Civil Practice Act the first cause of action is probably sufficiently alleged (1 Bender's Forms of Pleading, p. 298). Concededly, under such allegations plaintiffs will have the burden of establishing actual individual participation by defendant Philippe in the alleged wrongful act if they are to recover from him on this cause of action. But whatever the situation under the Civil Practice Act, under CPLR 3013 the pleading is adequate. It suffices that the primary function of pleadings, namely, that of adequately advising the adverse party of the pleader's claim and its elements, is realized (*Foley* v. *D'Agostino*, 21 A D 2d 60; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.01). Appellants' contentions with respect to the third and fourth causes of action are without merit. These causes of action sound in contract. There is no allegation that defendant Philippe was a party to the contract. Even if these were causes of action for inducing breach of contract, they would be insufficient. It is not enough that the individual defendant

Philippe may have participated in the breaches as an employee of defendant corporation (cf. *Buckley* v. *112 Central Park South*, 285 App. Div. 331 [BASTOW, J.], and the cases cited therein). Concur — Breitel, J. P., Valente, McNally, Steuer and Witmer, JJ.