**HARRIS DIAMOND CO., Inc., Plaintiff,**

v.

**ARMY TIMES PUBLISHING COMPANY,**
**Joseph Varga and Ray Malone,**
**Defendants.**

**No. 68 Civ. 94.**

United States District Court
S. D. New York.

Feb. 6, 1968.

274

Feuerstein & Underweiser, New York City, for plaintiff; Raymond P. O'Keefe, Bernard A. Feuerstein, Peter D. Fischbein and Stanley L. Waldbaum, New York City, of counsel.

Casey, Lane & Mittendorf, New York City, for defendants; Keller & Heckman, Washington, D. C., of counsel.

METZNER, District Judge.

Plaintiff moves, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Supreme Court, New York County, on the ground that complete diversity of citizenship does not exist between the parties.

Plaintiff manufactures jewelry and alleges that it sells its product by means of advertisements placed in newspapers published by the corporate defendant, Army Times Publishing Company. It claims to have a contract with this defendant for this purpose. Plaintiff is a New York corporation. The corporate defendant is incorporated in Delaware, with its principal place of business in Washington, D. C. The fact that its national advertising director may be located in New York does not, on the facts submitted, affect the finding that the corporate defendant is not a citizen of New York for diversity purposes. The individual defendants are residents of New York, and employees of the corporate defendant. Neither one is an officer or a director of the corporation.

Remand is resisted by the corporate defendant on the ground that the joinder of the individual defendants in the complaint was fraudulent because no valid cause of action is alleged against them.

Plaintiff first contends that the petition for removal is fatally defective because it fails to set forth facts, with sufficient particularity, to sustain the charge of fraudulent joinder. § 1446(a) provides that the petition on removal should contain "a short and plain statement of the facts" which entitle defendants to removal. A reading of the petition here shows that it complies with the directive of the statute.

■ Even if a defendant has been joined solely to prevent removal, such joinder is not fraudulent if the plaintiff does have a claim against the resident defendants. Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 189, 52 S.Ct. 84, 76 L.Ed. 233 (1931). In Parks v. New York Times Co., 308 F.2d 474, at p. 477 (5th Cir. 1962), cert. denied, 376 U. S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964), the court said:

> "The joinder is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the liability of the resident defendant could not possibly create such liability so that the assertion of the cause of action is as a matter of local law plainly a sham and frivolous."

To the same effect, see Hancock v. Missouri-Kansas-Texas R. Co., 28 F.2d 45, 46 (W.D.Okl.1928); Gillette v. Koss Construction Co., 149 F.Supp. 353, 355 (W.D. Mo.1957).

The frame of reference, therefore, based on the issue presented to the court on this motion, is the complaint. Smith v. Southern Pacific Co., 187 F.2d 397, 401 (9th Cir. 1951); New York Cent R. Co. v. Rodermond Industries, Inc., 113 F. Supp. 435, 436 (D.N.J.1953).

The individual defendants are named in the sixth and seventh causes of action. The sixth cause of action alleges that all three defendants entered into a conspiracy "to intentionally inflict financial harm on Harris [the plaintiff]." Pursuant to this conspiracy, it is alleged that the defendants wilfully and maliciously refused to accept plaintiff's advertisements, although the advertisements complied with the rules and regulations of the corporate defendant, that the individual defendants induced the corporate defendant to breach its contract with plaintiff, that the individual defendants wrongfully stated to the corporate defendant that plaintiff's merchandise was of poor quality and should not be sold to members of the Armed Forces, that all three defendants stated to the Department of Defense that plaintiff's merchandise was of poor quality and should not be sold to members of the Armed Forces.

The seventh cause of action incorporates by reference the above allegations and is in essence a repeat of that portion of the sixth cause of action alleging that the individual defendants intentionally and maliciously induced the corporate defendant to breach its contract with plaintiff.

■ Plaintiff argues that the sixth and seventh causes of action allege causes of action against the individual defendants based on intentional or prima facie tort. The New York courts have developed this theory of redress in Beardsley v. Kilmer, 236 N.Y. 80, 140 N.E. 203, 27 A.L.R. 1411 (1923); Al Raschid v. News Syndicate Co., 265 N.Y. 1, 191 N.E. 713 (1934); Opera On Tour v. Weber, 285 N.Y. 348, 34 N.E.2d 349, 136 A.L.R. 267 (1941); American Guild of Musical Artists, Inc. v. Petrillo, 286 N.Y. 226, 36 N.E.2d 123 (1941); Advance Music Corp. v. American Tobacco Co., 296 N.Y. 79, 70 N.E.2d 401 (1946). The theory rests on a statement by Lord Bowen in Mogul SS. Co. v. McGregor, Gow & Co., 23 Q.B.D. 598, 613 (1889), and paraphrased by Mr. Justice Holmes in Aikens v. State of Wisconsin, 195 U.S. 194, 204, 25 S.Ct. 3, 5, 49 L.Ed. 154 (1904), in the words: " * * * prima facie, the intentional infliction of temporal damage is a cause of action, which, as a matter of substantive law * * * requires a justification if the defendant is to escape."

■ However, when the acts relied on give rise to specific torts recognized by law, then plaintiff's remedy lies in those "classic" categories, and may not be bottomed in prima facie tort. Ruza v. Ruza, 286 App.Div. 767, 146 N.Y.S.2d 808 (1st Dept. 1955); Brandt v. Winchell, 283 App.Div. 338, 127 N.Y.S.2d 865 (1st Dept. 1954). "The mere fact that a series of tortious acts is part of a plan or scheme does not change the character of the liability or remedy, for traditional relief may, nevertheless, be available." Ruza v. Ruza, supra, 286

App.Div. at 769, 146 N.Y.S.2d at 810. See also Original Ballet Russe v. Ballet Theatre, 133 F.2d 187, 189 (2d Cir. 1943).

■ The tort of inducing or causing to induce a breach of contract is an old one in the law. The acts alleged in paragraphs 32(a), (b), (c) of the sixth cause of action and the entire seventh cause of action amount to no more than alleging this traditional tort. The use of the words "maliciously" and "intentionally inflict financial harm" by the pleader adds nothing to the theory upon which recovery is sought. The question then is whether a good cause of action for inducing breach of contract has been pleaded against the individual defendants.

■ An employee is not liable in tort for procuring a breach of his employer's contract if he acts within the scope of his employment. Greyhound Corp. v. Commercial Cas. Ins. Co., 259 App.Div. 317, 19 N.Y.S.2d 239 (1st Dept. 1940). And a conspiracy cannot be charged because the employee and the corporation in such cases are not separate entities. Bereswill v. Yablon, 6 N.Y. 2d 301, 189 N.Y.S.2d 661, 160 N.E.2d 531 (1959). Only in cases of individual torts such as assault, trespass, conversion, etc. may the employee be held liable. Buckley v. 112 Central Park South, Inc., 285 App.Div. 331, 136 N.Y.S.2d 233 (1st Dept. 1954). The court there indicated that the problem is not a simple one. A clear example is where the employee is charged with converting goods to his own use and thereby causing a breach of contract. Navarro v. Fiorita, 271 App.Div. 62, 62 N.Y.S.2d 730 (1st Dept. 1946), aff'd, 296 N.Y. 783, 71 N.E.2d 468 (1947). It appears from the cases that the charge must be that the acts of the employee were motivated by desire for personal gain. A. S. Rampell, Inc. v. Hyster Co., 3 N.Y.2d 369, 379, 165 N.Y.S. 2d 475, 484, 144 N.E.2d 371 (1957); Squire Records, Inc. v. Vanguard Recording Soc., Inc., 25 A.D.2d 190, 191, 268 N.Y.S.2d 251, 254 (1st Dept. 1966); Buckley v. 112 Central Park South, Inc.,

supra, 285 App.Div. at 335, 136 N.Y.S.2d 233; Potter v. Minskoff, 2 A.D.2d 513, 156 N.Y.S.2d 872 (4th Dept. 1956).

■ There is no charge of personal gain against these individual defendants. The affidavit submitted on this motion by plaintiff states " * * * notwithstanding the fact that said [individual] defendants did not benefit in any way economically by their acts." The complaint does not state a cause of action against the individual defendants for inducing or causing the corporate defendant to breach the contract.

■ Paragraphs 32(d) and 32(e) of the sixth cause of action present a different problem from the ones discussed above. 32(d) alleges that the individual defendants, maliciously and wrongfully, with intent to harm plaintiff, told their employer that plaintiff's merchandise was of poor quality and should not be permitted to be sold to members of the Armed Forces. 32(e) alleges that all defendants, with the same intent and purpose, made the same statements to members of the Department of Defense. Here, we are in the area of prima facie tort with no allegation of personal gain to the defendants. Squire Records, Inc. v. Vanguard Recording Soc., Inc., supra. The allegations come within the framework of Al Raschid v. News Syndicate Co., supra, although it may be that an action for slander will lie. In either event, valid claims appear to be asserted against the individual defendants.

■ Even if there may be doubt as to the sufficiency of this portion of the pleading under New York law, the case must be remanded. It does not satisfy the test of showing that no possible liability exists against the individual defendants. The resolution of any doubt is for the state court. Morris v. E. I. du Pont de Nemours & Co., 68 F.2d 788, 792 (8th Cir. 1934); Dyer v. Burns, 257 F.Supp. 268 (W.D.Okl.1966); Gillette v. Koss Construction Co., supra; Bass v. Halliburton Oil Well Cementing Co., 131 F.Supp. 680, 683 (E.D.Okl.1955).

Motion granted. So ordered.