■ WILLIAM EDELMAN, Respondent, v. ROBERT T. CONNOR, Appellant.— In an action to recover damages for alleged acts of defendant with respect to a certain auction sale, defendant appeals from an order of the Supreme Court, Kings County, dated May 16, 1973, which *inter alia* denied defendant's cross motion to dismiss the complaint, except that by his brief he has excluded from the appeal so much of the order as denied the dismissal application insofar as it was based on a claim of absence of personal jurisdiction over him. Order reversed insofar as appealed from, with $20 costs and disbursements, plaintiff's motion to strike defendant's answer denied and defendant's cross motion to dismiss the complaint on the ground of failure to state a cause of action granted. In our opinion, the complaint fails to state a cause of action (cf. *Potter* v. *Minskoff,* 2 A D 2d 513; *Rottkamp* v. *Young,* 21 A D 2d 373, affd. 15 N Y 2d 831). Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■ JEROME GAMPEL, Father and Natural Guardian of JEFFERY K. GAMPEL, an Infant, et al., Respondents, v. JOHN H. RICE et al., Appellants.— In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Queens County, dated April 24, 1973, which granted plaintiffs' motion for summary judgment and ordered an assessment of damages. Order reversed, without costs, and motion denied. In our opinion, issues of fact were presented and, therefore, a trial is required. Rabin. P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.