■ COUNTRYWIDE PUBLICATIONS, INC., et al., Respondents, v KABLE NEWS COMPANY, INC., et al., Defendants, and DANIEL FRIEDMAN, Appellant.—Order, Supreme Court, New York County, entered July 17, 1979, denying defendant Friedman's motion to dismiss the seventh, eighth and ninth causes of action, is reversed, on the law, the motion granted, and those causes of action dismissed, without costs. Defendant Daniel Friedman appeals from an order denying his motion to dismiss three causes of action alleging tortious interference with magazine distribution contracts dated June 1, 1977 between plaintiffs and defendant Kable News Company, Inc., on the ground that they fail to state a cause of action. (CPLR 3211, subd [a], par 7.) Friedman is the chairman of the board and chief executive officer of Kable. The causes of action in issue allege that Friedman had once been convicted of unspecified crimes, that plaintiffs' officers had knowledge of the conviction, and that Friedman became "so vexed" at plaintiffs' officers' awareness of the conviction and "possible disclosure thereof" that he threatened to cause Kable to stop doing business with plaintiffs. This threat is alleged to have given rise to a dispute, the nature of which is unspecified but asserted to be "unconnected with the contractual relationship," which in turn is claimed to have led Friedman to induce Kable inexcusably and maliciously to breach its contract with the plaintiffs. The question presented is the legal sufficiency of the allegations set forth in three causes of action against Friedman for inducing Kable to breach its contract with plaintiffs. In *Matter of Brookside Mills (Raybrook Textile Corp.)* (276 App Div 357, 367) this court set forth the now familiar rule and the justification for it in the following words: "The decisions are clear that an officer or director of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken *(Greyhound Corp. v. Commercial Cas. Ins. Co.,* 259 App. Div. 317; *Navarro v. Fiorita,* 271 App. Div. 62, affd. 296 N.Y. 783). To hold otherwise would be dangerous doctrine, and would subject corporate officers and directors continually to liability on corporate contracts and go far toward undermining the limitation of liability which is one of the principal objects of corporations." The most detailed discussion of the exemption by this court appears in *Buckley v 112 Central Park South* (285 App Div 331). Carefully reviewing the existing authorities, the court said (p 334): "It seems to us that these and other decisions in this jurisdiction crystallize into a general rule that a corporate officer who is charged with inducing the breach of a contract between the corporation and a third party is immune from liability if it appears that he is acting in good faith as an officer. It is equally clear that when the corporate officer commits independent torts or predatory acts directed at another, he may not seek refuge behind the mantle of immunity." The court sustained the legal sufficiency of the complaint in *Buckley*

on the finding that it alleged independent substantive torts. Thereafter, in *Murtha v Yonkers Child Care Assoc.* (45 NY2d 913), the Court of Appeals quoted with approval the above language from *Buckley* and went on to observe (p 915): "There is no evidence in this record of any independently tortious conduct on the part of any of the individual defendants." We think it unnecessary to determine here whether or not a cause of action against a corporate officer, acting within the scope of his authority, for inducing the corporation to breach a contract, requires that the officer's acts constitute "independently tortious conduct." Such a limitation was arguably suggested by the Court of Appeals in *Murtha,* but that acts by a corporate officer intended to serve his private economic interest, though not constituting an independent tort, would be actionable. (See *Remy Beverages v Myer,* 56 NYS2d 828, affd 269 App Div 1013.) In any event, we are satisfied that the allegations set forth in the disputed causes of action here are insufficient. In substance, it is alleged that the defendant induced his company to breach its contract because of some unspecified dispute arising out of a threat to terminate the contractual relationship in turn caused by fear that the plaintiff's officers would expose the defendant's criminal record. To sustain as legally sufficient such nebulous allegations, would unjustifiably imperil the significant interest sought to be served by the exemption. Concur—Sandler, J. P., Bloom, Markewich, Lupiano and Silverman, JJ.