(February 20, 1990)

■ McDonagh Real Estate and Development Ltd., Respondent, v David Kwilecki et al., Appellants.—

Supreme Court erred in granting summary judgment against defendant-appellant David Kwilecki, president of defendant-appellant Ilana Realty, Inc. Kwilecki, who signed the mortgage brokerage agreement in his capacity as a corporate officer, did not incur liability upon breach of the agreement by the corporation *(Countrywide Publs. v Kable News Co.,* 74 AD2d 522 [1st Dept 1980]; *Bonanni v Straight Arrow Publishers,* 133 AD2d 585, 586 [1st Dept 1987]). Although appellants did not assert in Supreme Court that Kwilecki was only acting in his corporate capacity, upon review of the record we find no factual basis for holding him personally liable. The mortgage loan commitment was solely in the name of the corporate appellant, and the correspondence and other documents confirm that the mortgage was to be obtained for the benefit of the corporation. The complaint does not allege that Kwilecki exercised such dominion and control over the corporation that it was merely his alter ego; nor is it claimed that Kwilecki induced the corporation to breach its agreement by " 'individual separate tortious acts' " *(Bonanni v Straight Arrow Publishers, supra,* quoting *A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369, 378 [1957]; citing *Robbins v Panitz,* 61 NY2d 967, 969 [1984]). Thus, the only other basis for holding Kwilecki liable individually is as a guarantor of the corporate obligation. Although the brokerage agreement signed by Kwilecki states "I agree to pay a brokerage fee" and is consistently worded in the first person, a triable issue of fact arises as to whether Kwilecki's signature in his corporate capacity was also intended as a personal guarantee of the corporate debt. Absent "clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal" the agent may not be individually held liable *(Mencher v Weiss,* 306 NY 1, 4 [1953]; *Savoy Record Co. v Cardinal Export Corp.,* 15 NY2d 1, 4-6 [1964]; *RKO-Stanley Warner Theatres v Shore,* 41 AD2d 730 [1st Dept 1973], *appeal dismissed* 33 NY2d 823). This triable issue of fact precludes a grant of summary judgment as against appellant Kwilecki.

We have reviewed the arguments raised regarding the liability of the corporate appellant and find them to be without merit. Concur—Murphy, P. J., Kupferman, Sullivan, Carro and Rosenberger, JJ.