**6** MICHAEL CARLSEN et al., Plaintiffs, v ROCKEFELLER CENTER NORTH, INC., et al., Defendants. ROCKEFELLER CENTER NORTH, INC., Third-Party Plaintiff-Respondent, v DAVID SHULDINER, INC., Third-Party Defendant-Appellant. [903 NYS2d 52]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered January 14, 2010, which, insofar as appealed from as limited by the briefs, denied the motion of third-party defendant David Shuldiner, Inc. (Shuldiner) for summary judgment dismissing third-party plaintiff Rockefeller Center North, Inc.'s (RCN) claim for breach of contract and granted RCN's cross motion for summary judgment on that claim and declared that Shuldiner breached its contract with RCN by failing to procure the necessary insurance coverage naming RCN as an additional insured, unanimously affirmed, with costs.

The record shows that RCN made an emergency call to Shuldiner to replace a cracked window at RCN's building. The parties had a long business relationship, and during the course of that relationship, it was agreed that Shuldiner would procure insurance coverage for the benefit of RCN before Shuldiner could perform any work at the building. To show compliance with RCN's requirements, Shuldiner had been submitting yearly blanket certificates of insurance containing language stating that RCN was an additional insured. While working on the window, an employee of Shuldiner fell off a scaffold and sustained injuries. The employee commenced an action against RCN and was subsequently granted summary judgment on the issue of liability. In the interim, Shuldiner's insurer denied RCN additional insured coverage because there was no written agreement indicating that RCN was to be named an additional insured under Shuldiner's general liability insurance policy.

Contrary to Shuldiner's contention, there is nothing in the record showing that RCN premised its breach of contract claim solely on the existence of a written agreement so as to preclude it from recovering for breach of an oral contract (*compare Federated Dept. Stores, Inc. v Twin City Fire Ins. Co.*, 28 AD3d 32, 40 [2006]). The evidence establishes the existence of a valid and binding oral contract, as the terms were clear and definite, and the conduct of the parties evinces "mutual assent sufficiently definite to assure that the parties [were] truly in agreement with respect to all material terms" (*Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]; *see also Travelers Indem. Co. of Am. v Royal Ins. Co. of Am.*, 22 AD3d 252 [2005]; *Richter v Zabinsky*, 257 AD2d 397, 398 [1999]). Shuldiner's vice-president acknowledged that RCN had spoken to him about procuring insurance naming RCN as an additional insured before Shuldiner could begin any work on the premises, and that RCN had required Shuldiner to insert specific language into the certificate of insurance indicat-

ing that it was an additional insured. Although Shuldiner submitted certificates containing such language, there was no agreement in writing that RCN be added as an additional insured, as required under the policy, so as to fulfill its obligation under the parties' oral agreement.

We have considered Shuldiner's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, McGuire, Acosta and Román, JJ. **[Prior Case History: 2009 NY Slip Op 32940(U).]**