■ Xavier Delagrange, Appellant, v Francois Payard, Respondent, et al., Defendant. [973 NYS2d 74]—Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered November 29, 2012, which granted defendant Payard's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, with costs.

Plaintiff's claims against Payard, whether asserted individually or on behalf of In-Tent Restaurant Ltd., were correctly dismissed because there is no evidence that Payard ever acted outside the scope of his role as representative of FR Venture Inc., the managing member of In-Tent (see *Retropolis, Inc. v 14th St. Dev. LLC*, 17 AD3d 209 [1st Dept 2005]; *Mendez v City of New York*, 259 AD2d 441 [1st Dept 1999]; see also *Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]). Moreover, as to the claims brought in plaintiff's individual capacity, there is no evidence—indeed, plaintiff does not even adequately allege—that an oral contract existed between Payard and himself (see *Carlsen v Rockefeller Ctr. N., Inc.*, 74 AD3d 608 [1st Dept 2010]) or that Payard owed him any duty independent of the duty arising from defendant I-T Restaurant LLC's operating agreement (see *MatlinPatterson ATA Holdings LLC v Federal Express Corp.*, 87 AD3d 836, 840 [1st Dept 2011], *lv denied* 21 NY3d 853 [2013]). Plaintiff's fraud claim is both insufficiently specific and duplicative of the breach of contract claim (see CPLR 3016 [b]; *Financial Structures Ltd. v UBS AG*, 77 AD3d 417, 419 [1st Dept 2010]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Saxe, Freedman and Clark, JJ.