Multibank, Inc. v Access Global Capital LLC (2018 NY Slip Op 00897)





Multibank, Inc. v Access Global Capital LLC


2018 NY Slip Op 00897


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Moulton, JJ.


5644 650637/16

[*1]Multibank, Inc., Plaintiff-Respondent,
v
Access Global Capital LLC, et al., Defendants-Appellants, Novel Commodities S.A., Defendant.


Solomon & Cramer LLP, New York (Andrew T. Solomon of counsel), for appellants.
Kaplan Rice LLP, New York (Michelle A. Rice of counsel), for respondent.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 10, 2017, which, to the extent appealed from, denied defendants Access Global Capital LLC (Access), Global Commodities Group LLC (Global), and James Besch's (together, defendants) motion to dismiss the breach of contract claim as against Access and Besch and the tortious interference with contract claim, unanimously affirmed, with costs.
Plaintiff, a Panamanian bank, purchased a $4.9 million account receivable (A/R) from defendant Novel Commodities S.A. on Novel's sale of beans to nonparty Cia Arrocera Covadonga S.A. de C.V. (Covadonga). The purchase was insured, at plaintiff's insistence, and was secured by a promissory note. Defendant Access was engaged to assist Novel in procuring the insurance policies. Defendant Global was also involved in the structuring of the sale transaction. Access and Global are closely held LLCs, whose controlling principal is defendant Besch. This action was commenced after Covandoga defaulted on the A/R and plaintiff was denied insurance coverage proceeds due to the way the sale transaction was structured.
Defendants failed to establish that the claims against them are time-barred. As the motion court noted, they did not provide the "substance of the foreign law relied upon" (CPLR 3016[e]) or "a printed copy of the statute or other written law" (CPLR 4511[d]). Nor did defendants provide a sufficient explanation for their contention that the breach of contract claim accrued on the dates on which the contracts were executed or that the Panamanian statute of limitations preempts the express language in one of the contracts that provided that the relevant statute of limitations would not expire until February 10, 2016, which renders the action timely.
In any event, this Court declines — as did the motion court — to engage in a full analysis of the Panamanian and New York limitations periods and the accrual dates for each cause of action, in light of the express terms of a tolling agreement that, if operative, undisputedly renders plaintiff's claims timely. Defendants contend that this tolling agreement does not apply to them. However, the circumstances surrounding its execution raise a number of issues of fact as to its applicability. For reasons that are disputed, Access did not sign the tolling agreement, but it participated in negotiating the agreement, was a named party to the agreement, and received benefits from the agreement.
Defendants argue that they cannot be held liable to plaintiff for breach of contract because there was no privity of contract between them with respect to the contracts sued upon. However, the fact that the signature block for Access on the October 2010 "Finance Facility Contract" reflects that Access only "[a]cknowledged and confirmed" the contract does not compel a conclusion as a matter of law but raises an issue of fact as to Access's obligations and whether it was bound as a party. The Finance Facility Contract refers to Access throughout, and, while Access does not make any express warranties to plaintiff in it, the contractual terms reflect that [*2]Access was responsible for procuring insurance and for ensuring compliance with the policy terms.
With respect to the June 2010 administration agreement, to which Access and Novel were signatories, defendants acknowledge that privity of contract with plaintiff is not necessary to establish a breach of contract claim because plaintiff seeks recovery as a third-party beneficiary (see Aetna Health Plans v Hanover Ins. Co., 116 AD3d 538, 539 [1st Dept 2014], affd 27 NY3d 577 [2016]). Contrary to defendants' contention, plaintiff alleges that, like the Finance Facility Contract, the administration agreement required Access to strictly comply with the terms of the insurance policy and that the policy was procured specifically on plaintiff's behalf. This allegation is supported by the record; the policy names plaintiff as an additional insured.
Defendants argue that the complaint fails to state a cause of action for tortious interference with contract against Global. They argue primarily that Global cannot be held liable for tortious interference if it was acting on behalf of its principal, Novel, within the scope of its authority. However, the complaint alleges that Global was not acting in the best interest of its principal and received a pecuniary benefit for interfering with the principal's contract (see e.g. Buckley v 112 Cent. Park S., Inc., 285 App Div 331, 334 [1st Dept 1954]). The record supports plaintiff's contention that Global was not acting in Novel's best interest when it inserted itself into the three-legged sale transaction and that it realized that doing so could invalidate the insurance policy.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK