Golub v Modern Yachts, LLC (2025 NY Slip Op 00628)

Golub v Modern Yachts, LLC

2025 NY Slip Op 00628

Decided on February 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025

Before: Friedman, J.P., Gesmer, González, Scarpulla, Pitt-Burke, JJ. 

Index No. 655531/16 Appeal No. 3626-3627 Case No. 2024-04151, 2024-02048 

[*1]Aaron Richard Golub, Plaintiff-Appellant,
v
Modern Yachts, LLC, et al., Defendants-Respondents.

Aaron Richard Golub, P.C., New York (Russell I. Zwerin of counsel), for appellant.
Cipriani & Werner, P.C., Syosset (Catherine R. Everett of counsel), for Modern Yachts, LLC and Brian Frezza, respondents.
Joseph J. Perrone, Mineola, for Marine Specialists, Inc. and Michael Budney, respondents.

Order, Supreme Court, New York (Debra A. James, J.), entered March 20, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion to vacate the note of issue and certificate of readiness and strike the case from the trial calendar and granted defendant Brian Frezza's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 20, 2024, which directed plaintiff to supply responses and documents to defendants' demands, unanimously dismissed, without costs, as taken from a nonappealable order.
The court correctly vacated the note of issue on the ground that there was expert discovery outstanding at the time it was filed (see Uniform Rules for Trial Cts [22 NYCRR] § 202.21 [a]-[b]; Anderson & Anderson LLP-Guangzhou v North Am. Foreign Trading Corp., 165 AD3d 511, 513 [1st Dept 2018]). Since plaintiff's certificate of readiness was incorrect, the note of issue was filed prematurely.
The court properly granted defendant Frezza's motion for summary judgment dismissing the complaint as against him. There is no factual basis for holding Frezza personally liable. The 2015 and 2016 marina reservation contracts were not signed by Frezza. Furthermore, the complaint does not allege that Frezza exercised such dominion and control over defendants Modern Yachts II, Inc. and Modern Yachts, LLC (collectively, MY) that MY was merely his alter ego (see McDonagh Real Estate & Dev. v Kwilecki, 158 AD2d 372, 373 [1st Dept 1990]). There is nothing in the record that raises a triable dispute as to MY and Frezza's assertion that Frezza was acting within the scope of his employment at all times when he allegedly misrepresented to plaintiff that the new air-conditioning and heating system installed on his motor yacht was working or whether a certain mechanic was going to repair it (see Delagrange v Payard, 110 AD3d 491 [1st Dept 2013]; Urbach, Kahn & Werlin v 250/PAS Assoc., 176 AD2d 151, 152 [1st Dept 1991]).
Plaintiff's arguments that Frezza could be held personally liable for his intentional or negligent tortious conduct committed in the course of performance of his duties for MY — by damaging the yacht's port railing on at least three occasions, damaging the yacht's power steering system, shutting off the marine shore power making it impossible to use the yacht every day, and using the yacht without plaintiff's permission — are unpersuasive. Plaintiff did not testify at his deposition that it was Frezza who damaged the yacht's railing or had used the yacht without his permission. Nor did plaintiff submit an affidavit in opposition to the summary judgment motion supporting those claims.
Plaintiff failed to preserve his claim that Frezza could be held personally liable for negligently or intentionally damaging the yacht's power steering by failing to screw the cap back on the power steering reservoir. In any event, under the "commission [*2]of a tort doctrine," "personal liability cannot be imposed on a corporate officer for nonfeasance, i.e., a failure to act" (Peguero v 601 Realty Corp., 58 AD3d 556, 559 [1st Dept 2009] [internal quotation marks omitted]). Plaintiff testified that he found out that the yacht's power steering fluid leaked all over the engine room because Frezza had forgotten to put the cap on the reservoir of the power steering on at least two occasions. This conduct amounts to nonfeasance for which Frezza cannot be held individually liable, given that plaintiff failed to establish that Frezza breached a duty owed to him (see MLM LLC v Karamouzis, 2 AD3d 161, 161-162 [1st Dept 2003]).
The June 20, 2024 status conference order is nonappealable. While plaintiff had notice of the status conference itself, the resulting order did not determine a motion made on notice (see Postel v New York Univ. Hosp., 262 AD2d 40, 41 [1st Dept 1999]). Further, we decline to grant leave to appeal (CPLR 5701[c]), because the record is insufficient to permit appellate review of the motion court's implicit findings that plaintiff should be required to supply responses and documents to defendants' discovery demands as set forth in the status conference order. Although the record indicates that plaintiff had already exchanged documents, those documents themselves are not in the record, nor are any of the parties' arguments made before the motion court during the status conference. Naramore v Mount Sinai Health Sys., Inc. (227 AD3d 528 [1st Dept 2024]) is distinguishable in light of the parties' application and opposition submissions to the court in that case (see id. at 529).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2025