In the Matter of New York State Labor Relations Board, Petitioner, against National Beauty Parlors, Inc., et al., Respondents.

Supreme Court, Special Term, New York County, June 29, 1943.

*Beryl H. Levy* and *Daniel Kornblum* for petitioner.

*Murray M. Zoberg* for Murray Zoberg and N.B.P. Holding & Supply Corporation, respondents.

STEUER, J. Petitioner, New York State Labor Relations Board, seeks to compel compliance with its order. The difficulty giving rise to the order arose from the effort of respondents to maintain their business in the face of adverse economic conditions. To avoid minimum wages, workmen's compensation and the other expenses incidental to the cost of labor, respondents adopted the practice known as " booth renting ". The theory of this practice is to make each employee a tenant with a percentage of his commissions paying the rent. This proposition was fairly explained to the employees and they adopted it. It was simultaneously made clear that the probable alternative was the respondents' going out of business. This is the unfair practice which respondents are ordered to cease and desist.

In its finding the Board was indisputably correct. There was no *bona fide* rental intended or effected. The relationship remained as it was before — employer and employee. Consent of the employees to the scheme did not render it any the less a device to avoid the statutory charges of labor. The scheme was not unfair in the sense that there was fraud or overreaching. The use of the word of art rankles and has engendered controversy resulting in ill feeling.

As to the other matters, it appeared that the decision regarding the employee Courmette has been rendered largely academic by his induction into the Army and the respondents made no point of it on the argument. The requirement that notices be posted in all of respondents' shops, rather than in the one where the difficulty arose, is a detail peculiarly the province of petitioner.

The motion is granted.