Jasen, J.
On August 20, 1970, the Public Employment Relations Board (PERB) determined, after a hearing, that the petitioner, City of Albany, had violated section 209-a (suhd. 1, par. [a] and subd. 1, par. [c]) of the Civil Service Law by transferring three firefighter employees, one of whom was also demoted, to different fire companies as part of a concerted attempt to discourage “ the organizational activities of these three employees.” In furtherance of its determination of unfair labor practices, PERB directed the City of Albany to (1) offer these employees reinstatement to their former positions and assignments; (2) cease and desist from similar discriminatory *436 or coercive conduct towards its employees, and (3) post a notice of the PERB decision at locations ordinarily used by it for written communications to its employees.
The Appellate Division modified the PERB order by striking therefrom the requirement that the city post a notice, and, except as so modified, confirmed.
Two questions are raised on this appeal—first, whether PERB has the statutory authority to direct a public employer to reinstate to their former positions employees whom the employer had transferred and demoted, in violation of their rights under article 14 of the Civil Service Law; and, secondly, whether PERB’s requirement that the City of Albany post notices to its employees that it will correct the violations found by PERB and will not engage in similar activities in the future was arbitrary and capricious.
Article 14 of the Civil Service Law, designated by the Legislature as the Public Employees’ Fair Employment Act and commonly referred to as the Taylor Law, was enacted in 1967, granting public employees the right to “form, join and participate in or to refrain from forming, joining or participating in, any employee organization of their own choosing.” (Civil Service Law, § 202.) However, except for section 205 (subd. 5, par. [1] ) of the Civil Service Law which generally authorized PERB ‘ ‘ to exercise such other powers, as may be appropriate to effectuate the purposes and provisions of this article ”, the act did not specifically empower PERB to remedy any violation of these rights. (Matter of Helsby v. Board of Educ., 34 A D 2d 361.) In 1969, the Legislature, recognizing this statutory deficiency, enacted section 209-a (subd. 1, par. [a]) of the Civil Service Law, making it an improper practice for a public employer ‘ ‘ to interfere with, restrain or coerce public employees in the exercise of their rights guaranteed in section two hundred two for the purpose of depriving them of such rights ”. Further, the Legislature considered it an improper practice “ to discriminate against any employee for the purpose of encouraging or discouraging membership in, or participation in the activities of, any employee organization ”. (Civil Service Law, § 209-a, subd. 1, par. [c].)
In addition to the enactment of these substantive provisions, the Legislature granted PERB express power ‘ ‘ to establish pro *437 cedures for the prevention of improper employer and employee organization practices ” and declared that PEBB “ shall exercise exclusive nondelegable jurisdiction of the powers granted to it by this paragraph (Civil Service Law, § 205, subd. 5, par. [d].)
Notwithstanding the explicit statutory grant of remedial power to PEBB, the City of Albany urges on this appeal that the Legislature did not intend PEBB to have this power since it would permit PEBB ‘ ‘ to invade and usurp the discretionary authority granted to officers of state and local government in administering and operating the statutorily defined offices which they hold.” In support of this view, the city calls our attention to the provisions of section 131 of the Second Class Cities Law which grants to the Commissioner of Public Safety the right to “ exercise fully and exclusively all powers ” of administration, supervision and control of the fire department. If the decision of the Appellate Division on this point is allowed to stand, the city argues, ‘ ‘ there is probably no determination which can be made by a Commissioner of Public Safety which PEBB cannot review, alter or in some way modify.”
We cannot agree. A determination made by the city or other public employer, in its legitimate exercise of supervisory power over its employees, is not subject to review, alteration or modification by PEBB, unless, of course, such determination is designed to intimidate or coerce its employees with respect to union activity specifically protected by statute. In other words, the city cannot, under the guise of exercising ministerial or management prerogatives, deprive its employees of their statutory rights to form, join or participate in an employee organization. That is not to say, however, that the mere coincidence of an employee’s union activity and the employer’s transfer, demotion or discharge will support a charge of discrimination. The burden of establishing the violation is upon the board. (Broadway Motors Ford v. N.L.R.B., 395 F. 2d 337.)
Nor can it be said that the powers granted to PEBB are unique. Other statutory provisions impose requirements relating to public employer-public employee relationships. For instance, in Matter of Board of Higher Educ. v. Carter (14 N Y 2d 138), where a dispute arose between two public authorities as to which had the right to enforce the Law Against Discrimi *438 nation, we refused to ‘ ‘ construe the statute [Executive Law, § 290] against discrimination restrictively to cut down in the field of public employment the authority of the only State agency which by law has been charged with the single duty of attacking discrimination in its economic center.” (At p. 153.)
Similar arguments based upon management prerogatives were directed against the powers of the New York State Labor Relations Board and the National Labor Relations Board. In Matter of Stork Rest. v. Boland (282 N. Y. 256), our court, in commenting on provisions of the New York State Labor Relations Act similar to those in the Taylor Law, stated: “ The New York State Labor Relations Act leaves an employer free to employ or to discharge as he sees fit for good reason or for poor reason or for no reason at all — subject only to one limitation, that he may not ‘ require an employee or one seeking employment, as a condition of employment, to join any company union or to refrain from forming, or joining or assisting a labor organization of his own choosing.’ ” (At p. 270.)
The United States Supreme Court, in Labor Bd. v. Jones & Laughlin (301 U. S. 1), in passing on provisions of the National Labor Relations Act similar to those in the Taylor Law, arrived at the same conclusion. (See, also, N.L.R.B. v. Monroe Auto Equip. Co., Hartwell Division, 420 F. 2d 861.)
Having found that the City of Albany had transferred the three firefighters in violation of their rights under the Taylor Law, PERB was empowered to issue orders remedying such improper practices. (Civil Service Law, § 205, subd. 5, pars, [d], [1].) Certainly, the order issued by PERB as to the reinstatement of the three firefighters was a reasonable exercise of the exclusive jurisdiction granted PERB to remedy infringement by the public employer upon the statutory and constitutional rights of their employees.
The second branch of this appeal questions PERB’s order that the City of Albany post notices of its violation of article 14 of the Civil Service Law. This requirement—that notices be posted advising the employees of PERB’s order and announcing the readiness of the City of Albany to obey it—is within the authority conferred on the board by article 14 of the Civil Service Law “to establish procedures for the prevention of improper employer and employee organization practices ”. *439 (Civil Service Law, § 205, subd. 5, par. [d].) The remedies for improper employer practices are peculiarly matters within administrative competence. (Matter of Holland v. Edwards, 307 N. Y. 38, 46.) The requirement of posting notices may be necessary, as was determined here, to dispel the coercive effect of unfair employer practices. (Stevens & Co. v. N.L.R.B., 380 F. 2d 292; Art Metals Const. Co. v. N.L.R.B., 110 F. 2d 148; Matter of New York State Labor Relations Bd. v. Interborough News Co., 170 Misc. 347; Matter of New York State Labor Relations Bd. v. National Beauty Parlors, 180 Misc. 997.)
But it may be argued that the authority of PERB does not extend to the requirement, such as was made in this case, that the City of Albany confess violation of the Public Employees’ Fair Employment Act by a published announcement that it will “ cease and desist ” from violating it. PERB recognizes that the phrase in the notice, “ We Will cease and desist ’ ’, could be interpreted as an admission of guilt and agrees that to compel such an admission would not serve the purpose of the act. Hence, it would be appropriate to modify the language of the order and notice so that the City of Albany be required to notify its employees that it “will not” transfer, demote or engage in similar discriminatory conduct toward its employees, rather than that it will ‘ ‘ cease and desist ’ ’ from such conduct.
Accordingly, the order of the Appellate Division should be modified to provide that the City of Albany post notices of its violations, as amended, and, as modified, affirmed.
Chief Judge Fuld and Judges Burke and Breitel concur with Judge Jasen; Judges Scileppi, Bergan and Gibson dissent and vote to affirm on the opinion at the Appellate Division.
Ordered accordingly.