In the Matter of CITY OF ALBANY et al., Petitioners, v PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, and COUNCIL 66, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al., Intervenors-Respondents.

Third Deparment, May 26, 1977

*John E. Roe, Corporation Counsel (Vincent J. McArdle, Jr.,* of counsel), for petitioners.

*Martin L. Barr (Anthony Cagliostro* of counsel), for respondent.

*Blitman & King (Jules L. Smith* and *Bernard T. King* of counsel), for intervenors-respondents.

MAIN, J. Intervenor-respondent, George Strokes, was employed as an equipment operator for the City of Albany's Department of Public Works when, on August 22, 1975, he was discharged from his employment by Public Works Commissioner Harry Maikels following a disciplinary proceeding held pursuant to section 75 of the Civil Service Law and a finding of misconduct. The proceeding grew out of charges

that Strokes had recklessly operated a crane with resulting purported injuries to a fellow employee. It should be noted that this discharge was challenged by Strokes in a collateral article 78 proceeding which is still pending, but will likely become moot for the reason that Strokes has subsequently obtained the identical relief sought therein in the Public Employment Relations Board's (hereinafter PERB) determination. Strokes and Council 66, American Federation of State, County and Municipal Employees, AFL-CIO (hereinafter Council 66) filed a charge with the respondent PERB, alleging that Strokes was discharged solely because of his protected activities on behalf of Council 66, of which he was president. On August 10, 1976, PERB found, following a hearing, that Maikels was motivated by antiunion animus in discharging Strokes. Accordingly, PERB ruled that the dismissal of Strokes was in violation of certain provisions of the Public Employees' Fair Employment Act (Civil Service Law, § 209-a, subd 1, pars [a],[c]), commonly known as the Taylor Law, and it ordered the city, *inter alia,* to offer Strokes reinstatement to his former position and to make him whole for any loss of pay suffered by reason of his discharge. Challenging this determination, petitioners commenced the instant proceeding wherein they contend that PERB lacks jurisdiction to review a proceeding conducted pursuant to section 75 of the Civil Service Law and further assert that the board's decision was arbitrary and capricious. By order of Special term, this proceeding was then transferred to this court for disposition.

Initially, we would point out the PERB plainly had jurisdiction to consider the legality of the dismissal in question. Since Strokes was fired in proceedings conducted pursuant to section 75 of the Civil Service Law, an article 78 proceeding would admittedly be the proper method for challenging the decision that his performance at work warranted his dismissal (Civil Service Law, § 76). However, the city overlooks the fact that the PERB inquiry centered upon an entirely different issue, i.e., whether his dismissal was motivated by Maikel's antiunion animus and, therefore, constituted an improper employer practice in contravention of paragraphs (a) and (c) of subdivision 1 of section 209-a of the Civil Service Law. In this sphere PERB is vested with the exclusive nondelegable jurisdiction to prevent such practices (Civil Service Law, § 205, subd 5, par [d]), and it is irrelevant to its determination whether or not cause for the employer's action in terminating Strokes actually existed *(Sag Harbor Union Free School Dist. v Helsby,* 54

AD2d 391, app dsmd March 23, 1977; see, also, *Matter of City of Albany v Helsby,* 29 NY2d 433). The court in *Sag Harbor (supra,* p 393) emphasized this latter point in quoting from the PERB decision in that case as follows: " 'Thus, the question before the hearing officer and us is not whether Goehringer and Lizewski could have been dismissed on the basis of their performance, but rather whether they were dismissed because of their active participation as members of the Association's Grievance Committee.' " Moreover, such being the case, there can likewise be no doubt that PERB's action under consideration here will be unaffected by the disposition of the article 78 proceeding initiated by the intervenors-respondents to challenge the validity of the proceedings conducted pursuant to section 75 of the Civil Service Law, since the section 75 proceedings relate to the fact of misconduct, whereas PERB is concerned only with the employer's motivation in terminating Strokes.

The sole question remaining for our determination is whether PERB's ruling that Strokes' dismissal was due to motivations proscribed by the Taylor Law is arbitrary and capricious, and we hold that it is not. Petitioners do not contest the hearing officer's factual findings which were subsequently adopted by PERB. Hence, they apparently concede and the record demonstrates that Maikels knew of Strokes' union activities, that he was hostile to Strokes and Council 66, and that he would not have fired Strokes but for the latter's protected activities in connection with Council 66. Under these circumstances, PERB's ruling has a sound basis in reason and foundation in fact and, consequently, is supported by substantial evidence, and it must be confirmed *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 231).

In so ruling, we are not unmindful of the pervasive power which PERB has in a matter such as this. However, the Legislature has seen fit to grant such power and, until such time as it chooses to alter this policy, we must follow the clear mandate of its enactment.

Finally, we would emphasize that, contrary to the assertion in the dissenting opinion herein, Strokes' reinstatement with full pay was ordered because antiunion animus was the "substantially motivating cause" of his dismissal and not merely one of the reasons therefor. Also, the continued antiunion

animus of the employer would not, in itself, confer immunity from discharge upon Strokes should his negligent conduct continue. To defeat any discharge of an employee, the antiunion animus must not only exist on the part of the employer, but it must also be the reason for the dismissal in question.

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, J. (concurring). I concur with the votes of Mr. Justice MAIN and Mr. Justice MAHONEY for confirmation.

In this case I find that there is overwhelming evidence that the employee was singled out for *punishment* solely because of his union activities and accordingly, PERB had no realistic alternative to secure enforcement of the Taylor Law provisions except by ordering reinstatement *and* reimbursement of lost wages. In any event, in this particular case the remedy imposed by PERB is not in excess of its powers and is reasonably designed to secure the rights of the union member.

It should be noted, however, that not every case of punishment imposed as a result of "antiunion animus" would justify a remedy which would preclude the public employer from re-evaluating the charges against the petitioner, and this would be so as to facts which indicate the employee might be a source of danger to fellow employees and/or personal property of the public employer. There is no reason why PERB could not in an appropriate case simply set aside the punishment imposed and direct reconsideration by the employer or otherwise fashion relief so as not to impede a future evaluation of the employee, giving consideration to all of his conduct (cf. *Sag Harbor Union Free School Dist. v Helsby,* 54 AD2d 391, app dsmd March 23, 1977).

The court has the power to intervene if the finding of PERB or the punishment imposed is considered arbitrary and capricious.

Since the present case establishes that action was taken solely because of union activity, the remedy imposed by PERB should be confirmed.

LARKIN J. (dissenting). We respectfully dissent.

George Strokes, a civil service employee charge with negligently operating a crane causing injuries to a fellow employee, was discharged following a hearing (Civil Service Law, § 75). Thereafter, and before the article 78 proceeding was determined (it is still pending), Strokes filed a charge with PERB,

alleging that he was discharged because of his union activities. PERB, finding that Strokes' discharge "was motivated by antiunion animus", ordered reinstatement with back pay. The instant proceeding ensued and the majority, by confirming PERB's determination, has ordered reinstatement of a man charged with and found guilty of a serious offense because there existed antiunion animus on the part of his employer.

Mr. Justice MAIN's opinion holds that if a dismissal is motivated by antiunion animus, "it is irrelevant * * * whether or not cause for the employer's action in terminating Strokes actually existed". Under the reasoning of Mr. Justice MAIN's opinion, by *reductio ad absurdum,* an employee whose flagrantly negligent conduct daily resulted in injuries to other employees, who was thereupon fired after a hearing, would have to be reinstated, with back pay, if PERB were to determine that one of the reasons for his discharge was antiunion bias on the part of the employer. In support of this result, Mr. Justice MAIN's opinion cites *Sag Harbor Union Free School Dist. v Helsby* (54 AD2d 391, app dsmd March 23, 1977) and *Matter of City of Albany v Helsby* (29 NY2d 433). In our opinion, neither of those cases supports the majority. We find it to be of great significance that in *Sag Harbor* and *Matter of City of Albany,* in contrast to the instant case, a full hearing was not held (cf. Civil Service Law, §§ 75, 76) prior to the employer action which PERB revoked.

Subsequent to this court's determination of the instant case, George Strokes may or may not withdraw his article 78 proceeding to review his discharge for cause. Since he is now reinstated with all back pay, his only reason to continue the article 78 proceeding would be to seek vindication from the finding of negligence by the hearing officer in the said proceedings under section 75 of the Civil Service Law. If Strokes should seek that result, and Special Term finds that substantial evidence supports the hearing officer's determination, an anamolous result would occur. There would be a Supreme Court judgment that Strokes has been properly discharged for good cause, while Strokes would be on the job with back pay by virtue of a determination by the administrative agency, PERB. If his employer were to continue the "antiunion animus" toward Strokes, immunity would continue to be conferred upon Strokes even if he were to continue his negligent operation of the crane.

We cannot agree with such a result. In our view, when an

employee has been discharged for cause, after a statutorily provided hearing, the sufficiency of which is currently awaiting judicial review, PERB has no power to order reinstatement. In such circumstances, PERB can make a factual finding that the employer was guilty of antiunion animus and can issue a cease and desist order. The employee can then pursue his article 78 remedy, and, at that time, can present in support of his position the factual determination by PERB. Special Term can then consider the facts constituting the alleged negligence and the finding of antiunion animus in determining whether substantial evidence supports the discharge for cause. On such determination, the discharge can be affirmed, or the employee can be reinstated.

The converse of this cannot be true: that PERB, in arriving at its decision, can consider the alleged acts of negligence of Strokes because as Mr. Justice MAIN's opinion herein holds, "it is irrelevant to its [PERB] determination whether or not cause for the employer's action in terminating Strokes actually existed". Our conclusion as to this issue is buttressed, in our view, by a recent United States Supreme Court decision (Mt. Healthy City School Dist. Bd. of Educ. of Doyle, 429 US 274). In that case, Doyle, a nontenured school teacher, had engaged in a series of incidents with other teachers and students, including making obscene gestures to female students. An interoffice memo as to the teacher dress code was given by Doyle to a local disc jockey who put it on the air. In not rehiring Doyle, the reasons cited, inter alia, were the radio station incident and the obscene gesture matter. The District Court found the radio station incident to be "clearly protected by the First Amendment", and that, because it played "a subtantial part" in the board's decision, he was entitled to reinstatement. After an affirmance by the United States Court of Appeals (529 F2d 524), the United States Supreme Court, in reversing, found that even though Doyle's First Amendment rights were violated, he was not automatically entitled to reinstatement with back pay. Instead, the court found that (p —): "[T]he burden was properly placed upon respondent [Doyle] to show that his conduct was constitutionally protected and that this conduct was a 'substantial factor'—or to put it in other words, that it was a 'motivating factor' in the Board's decision not to rehire him. Respondent having carried that burden, however, the District Court should have gone on to determine whether the Board had

shown by a preponderance of the evidence that it would have reached the same decision as to respondent's re-employment even in the absence of the protected conduct" (97 S Ct, at p 576).

In the instant case, Strokes demonstrated (in the PERB hearing) that his protected conduct, i.e., union activity, was a "motivating factor" in the city's decision to dismiss him. Special Term should now determine whether the city had shown that it would have reached the same decision as to Strokes' employment even in the absence of the protected conduct.

The determination should be modified by annulling so much of the order of PERB that directs reinstatement and back pay and, as so modified, affirmed.

MAHONEY, J., concurs with MAIN, J.; HERLIHY, J., concurs in a separate opinion; KOREMAN, P. J., and LARKIN, J., dissent and vote to modify in an opinion by LARKIN, J.

Determination confirmed, and petition dismissed, without costs.