In the Matter of the VILLAGE OF WAYLAND, Petitioner, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.

Third Department, April 6, 1978

**APPEARANCES OF COUNSEL**

*Charles J. Sullivan (Vincent J. McArdle, Jr.,* of counsel), for petitioner.

*Martin L. Barr (Anthony Cagliostro* of counsel), for Public Employment Relations Board, respondent.

*Edward J. Degnan* for Wayland Police Benevolent Association, respondent.

## OPINION OF THE COURT

SWEENEY, J.

In November, 1975, the police force of the Village of Wayland consisted of a Police Chief and three patrolmen. Sometime prior to November, 1975, the Wayland Police Benevolent Association (PBA) was organized and thereafter sought recognition and commencement of negotiations for a contract covering the three patrolmen. On February 9, 1976, the Village Board of Trustees passed a resolution to formally abolish the three patrolmen's positions and retain only the position of Chief of Police. The Wayland PBA filed an improper practice charge with the Public Employment Relations Board (PERB) alleging violations of section 209-a of the Civil Service Law. Following a hearing, it was found by the hearing officer that the abolition of the patrolmen's positions violated paragraphs (a) and (c) of subdivision 1 of section 209-a of the Civil Service Law. The hearing officer recommended that the village be ordered to offer reinstatement to the three discharged police officers and compensate them for wages and benefits lost, plus interest.

By a decision dated December 21, 1976, PERB confirmed the hearing officer's findings of fact and conclusions of law and ordered, *inter alia,* that the village offer the police officers reinstatement and that the village compensate the officers for wages and benefits lost as a result of the violation, plus interest, minus the amount of wages actually earned by them from the time of termination to reinstatement. A petition was filed by the village pursuant to CPLR article 78 to review PERB's determination. Alleging that petitioner sought to raise factual issues in its memorandum of law, PERB moved for transfer to this court and the motion was granted.

In this court the petitioner does not raise any factual issues. Since petitioner has not questioned the finding by PERB that the police officers' positions were abolished solely as a result of antiunion animus, we will accept the finding as a conceded fact. The single issue raised in this proceeding is whether or not PERB has the authority to order reinstatement of public employees whose positions were abolished solely as a result of antiunion animus.

The board of trustees of a village is authorized to establish a police department and appoint such personnel as may be needed and is also authorized to abolish a police department (Village Law, § 8-800). As with other public employers, the village should be given sufficient latitude to manage its affairs efficiently and effectively (see *Matter of Young v Board of Educ.,* 35 NY2d 31). PERB, however, has been statutorily empowered to establish procedures for the prevention of improper employer and employee organization practices as provided in section 209-a, and to take such affirmative action as will effectuate the policies of article 14 of the Civil Service Law, including, but not limited to, the reinstatement of employees with or without back pay (Civil Service Law, § 205, subd 5, par [d]).

■■ It is petitioner's contention that the order by PERB to offer reinstatement to the three police officers is arbitrary, capricious, and in excess of its jurisdiction as it would usurp the authority of the village trustees to decide on personnel levels and the extent of police service to be provided by the village. We disagree. A public employer cannot, under the guise of exercising management prerogatives, deprive its employees of their statutory rights to form, join or participate in an employee organization *(Matter of City of Albany v Helsby,* 29 NY2d 433; *Matter of Sag Harbor Union Free School Dist. v Helsby,* 54 AD2d 391). In our opinion, the PERB order was within its statutory grant of powers and was neither arbitrary nor capricious. The determination, therefore, should be confirmed and the petition dismissed.

The determination should be confirmed, and petition dismissed, with costs.

MAHONEY, P. J., KANE, STALEY, JR., and LARKIN, JJ., concur.

Determination confirmed, and petition dismissed, with costs.