M. Marion OATES, Plaintiff,

v.

The UNITED STATES POSTAL SER-VICE NEW YORK, and the United States Civil Service Commission, Defendants.

No. 75 Civ. 2374 (KTD).

United States District Court,
S. D. New York.

Sept. 1, 1978.

Paul F. Callahan, Brooklyn, N.Y., for plaintiff; Eugene Prosnitz, Brooklyn, N.Y., of counsel.

Robert B. Fiske, Jr., U. S. Atty., New York City, for defendants; Mary C. Daly, Asst. U. S. Atty., New York City, of counsel.

### MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff, a relief nurse employed by defendant United States Postal Service, has

58

brought this action for review of the Civil Service Commission's decision of April 22, 1975, that disciplinary action taken against the plaintiff, culminating in her discharge, was not motivated by discrimination based upon her religion (Catholic) and national origin (Irish). Plaintiff, having exhausted her administrative remedies, alleges that her dismissal was in fact motivated by reasons of discrimination in violation of 42 U.S.C. § 2000e–2. Jurisdiction is founded upon 42 U.S.C. § 2000e–16.

Defendants have moved, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the complaint. They assert that plaintiff is estopped from litigating this action as a result of my decision in *Oates v. United States Postal Service et al.*, 444 F.Supp. 100 (S.D.N.Y.1978).

The plaintiff was employed by defendant, United States Postal Service [hereinafter "Postal Service"], as a registered nurse on April 20, 1970. On July 23, 1973, plaintiff was notified by the Postmaster, New York, New York, that the Postal Service proposed to remove her from employment on August 30, 1973. The notification asserted two separate disciplinary suspensions in May of 1973 for insubordination and unauthorized absences respectively,[1] together with earlier disciplinary counsellings as the grounds for her discharge. In addition, the Postal Service charged plaintiff with the improper performance of her duties in exercising poor nursing judgment on the job.

■ Following her termination, and after exhausting her administrative appeals, plaintiff commenced two separate actions against the Postal Service and the Civil Service Commission. In one action, filed November 22, 1976, [hereinafter "*Oates I*"], plaintiff sought review of the Postal Service's termination decision arguing that it was arbitrary and capricious. Defendants thereafter moved for summary judgment. Upon review of the Administrative proceedings below, I found ample support in the record to establish that plaintiff had exer-

cised poor nursing judgment and had engaged in unnecessary medical action constituting improper performance of her nursing duties. Accordingly, I granted defendants' motion for summary judgment.

In the instant action, filed May 20, 1975, [hereinafter "*Oates II*"], plaintiff alleges that her discharge was based upon her religion and national origin.

Assuming, as I must for purposes of this motion the truth of plaintiff's allegations, and that her discharge was indeed "tainted" by consideration of her religion and national origin, I must determine what effect, if any, my decision in *Oates I* has upon the case at bar.

At the outset it is evident that my decision in *Oates I* was limited exclusively to consideration of the Postal Service's action in dismissing plaintiff based upon the improper performance of her nursing duties, the exercise of poor nursing judgment and her past disciplinary record. In other words, my decision turned upon whether there was sufficient evidence in the administrative record, absent any reliance upon plaintiff's religion and national origin, to support her dismissal. As previously noted, I concluded there was ample evidence to justify her discharge.

Defendants argue that my decision in *Oates I*, establishing independent non-discriminatory grounds sufficient to support plaintiff's dismissal, now acts to collaterally estop plaintiff from relitigating the existence and sufficiency of these grounds. Moreover, they assert that in light of two recent Supreme Court decisions, this collateral estoppel effect necessitates dismissal of the case at bar. I agree.

The classic definition of collateral estoppel provides that where a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment, that determination is conclusive between the parties in a subsequent action based upon a different cause of action.

1. The suspensions of plaintiff by the Postal Service ran from May 1 through May 5, 1973 and May 15 through May 19, 1973.

■ The application of the doctrine to the instant case is apparent. In *Oates I*, plaintiff litigated the sufficiency of the grounds of her dismissal solely upon her job performance, exercise of nursing judgment and disciplinary record. She is accordingly bound by the decision therein. She cannot now assert that these grounds alone were not sufficient to support her dismissal from the Postal Service.

Given the application of collateral estoppel, I next consider its effect upon plaintiff's claim in the case at bar.

Until recently the law in this Circuit provided that where a plaintiff, attacking governmental action as violative of civil rights, could demonstrate that the action was motivated only in part by the government's consideration of constitutionally impermissible grounds, the civil rights claim would not necessarily be defeated by the existence of independent constitutionally permissible grounds sufficient to justify the governmental action. *See e. g., Simard v. Board of Education*, 473 F.2d 988, 995 (2d Cir. 1973). The Supreme Court, however, has recently enunciated a different rule stating that the mere fact that certain governmental action is based in part upon constitutionally impermissible grounds, does not necessarily create a constitutional claim justifying remedial action. *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 at 285, 97 S.Ct. 568, 50 L.Ed.2d 471; *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 at 270–71 n. 21, 97 S.Ct. 555, 50 L.Ed.2d 450; *accord, Winters v. Lavine*, 574 F.2d 46 (2d Cir. 1978). Indeed, in *Mt. Healthy, supra*, the Court stated that "[t]he constitutional principle at stake [would be] sufficiently vindicated" if it were demonstrated that the governmental action would have been taken based solely upon constitutionally permissible grounds. *Mt. Healthy City School District Board of Education, supra*, 429 U.S. at 285–86, 97 S.Ct. at 574. The Court concluded that if such a showing were made the government's action must be sustained. *Id.* at 286, 97 S.Ct. 568.

Application of the ruling in *Mt. Healthy* and *Arlington Heights* requires two threshold findings. First, the defendant must demonstrate that the same action would have been taken absent reliance upon constitutionally impermissible grounds. Second, the constitutionally permissible grounds must be sufficient to justify this action.

■ There is no doubt in the case at bar that the Postal Service *would have* discharged the plaintiff absent any consideration of her religion and national origin. Indeed, there could be no evidence more convincing on this issue than the unanimous decisions of the Hearing Officer, Regional Director and Assistant Postmaster General sustaining plaintiff's dismissal *solely* upon her breach of professional responsibility and judgment. That question has already been decided in favor of the Postal Service by this Court. *See Oates I, supra* at 101–102, 104.

It follows, therefore, that if there exist constitutionally permissible reasons, absent consideration of plaintiff's religion and national origin, to support her dismissal, then plaintiff's Title VII claim must fail.

In view of my holding on this issue in *Oates I*, plaintiff is now barred from relitigating either the existence or sufficiency of these independent non-discriminatory grounds for her dismissal. I, therefore, must take as established fact between the parties here, the existence and sufficiency of such grounds and must conclude that, under the rule enunciated in *Mt. Healthy* and *Arlington Heights*, this fact alone, without reference to whether the Postal Service relied upon plaintiff's religion and national origin in determining to discharge her, defeats plaintiff's Title VII cause of action.

Accordingly, plaintiff's complaint is dismissed.

IT IS SO ORDERED.