◼ In the Matter of ELLEN NELSON, Appellant-Respondent, v CITY OF ALBANY et al., Respondents-Appellants.—Cross appeals from a judgment of the Supreme Court at Special Term, entered May 25, 1978 in Albany County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78. On January 25, 1977, the Albany Municipal Civil Service Commission (hereinafter referred to as the Commission), announced an open competitive examination for firefighter. The announcement stated that "Preference in appointment may be given to successful candidates who have been legal residents of the City of Albany for at least 12 months immediately prior to the date of the examination." On February 15, 1977, petitioner filed an application to take the examination. Item No. 4 of the application entitled "Residence" directed the applicant to "Fill in the names of the city or village, town, county, state, school and District # of which you are an actual permanent legal resident." In this item, petitioner wrote "City-Albany- 4 months (temporary city resident 1 year 5 months)". Petitioner had shared an apartment at 14 Norwood Avenue in the City of Albany with two other women from the end of October 1, 1975 until November 30, 1976. On December 1, 1976, she moved into her own apartment at 409B New Scotland Avenue in the City of Albany. On March 19, 1977, petitioner took and passed the examination. Petitioner also passed the required physical and physical fitness examinations. The Commission, by letter dated October 31, 1977, advised the petitioner that her name would not be placed on the preferred resident list, since its records indicated that she had resided at 409B New Scotland Avenue approximately four months prior to the date of examination. Petitioner was advised to contact the Commission if she disagreed with this finding. Petitioner then submitted documentation of her residence in the City of Albany from October, 1975 to November 30, 1976 in addition to her residence at 409B New Scotland Avenue. By letter dated November 14, 1977, the Commission advised the petitioner that the word "resident" in the announcement for the examination is synonomous with "domicile", and "Further investigation by the Commission indicates on November 2, 1976, you voted from 32 Bender Lane, Delmar, NY. To the Commission this strongly indicates that you haven't been a resident of the City of Albany for 12 months prior to the date of the written examination on March 19, 1977." Petitioner was also told that if she desired a review of this matter she should advise the Commission immedi-

ately. By letter dated November 16, 1977, petitioner requested a Commission hearing on the residency issue. A hearing was held on December 21, 1977, at which petitioner presented evidence consisting of her testimony, letters from others, affidavits, billings and rent receipts indicating that she continually resided in the City of Albany from October, 1975 to the date of the hearing. The Commission presented evidence that petitioner had voted in Delmar in the Town of Bethlehem in the November elections of 1975 and 1976. Petitioner's application for the examination was not introduced into evidence. On March 1, 1978, the Commission rendered its decision concluding that petitioner did not meet the residency requirement for preference in appointment. In this decision, after reference to petitioner's testimony as to her residency and place of voting in 1975 and 1976, and after reference to the affidavits and exhibits provided by petitioner on the issue of residency, the Commission stated: "However, on her application to take the subject examination, which was signed and dated on February 12, 1977, she indicated that she was a resident of the City of Albany for only 4 months, making the further statement that she was 'temporary city resident 1 year, 5 months'. The Commission construes the term 'legal residents' to mean persons domiciled in the City. This candidate's application indicates that she formed the necessary intent to make the City of Albany her domicile only four months prior to the date of the application and thus only five months before the date of the examination." On the same day, the New York State Division of Human Rights received a complaint from petitioner that charged that she was refused employment as a firefighter because of her sex in violation of the New York State Human Rights Law. This complaint also stated that she had not commenced any other civil, criminal or administrative action or proceeding in any court or administrative agency based upon the same grievance. On April 7, 1978, petitioner commenced this proceeding pursuant to CPLR article 78 alleging that the Commission's decision was arbitrary, capricious and illegal. The respondents' answer, in addition to alleging that there was a reasonable basis for its decision, alleged that by virtue of the pending proceedings before the New York State Division of Human Rights and the provisions of section 300 of the Executive Law, this proceeding could not be maintained. Special Term dismissed the petition on its merits. In doing so, however, the court stated that the proceeding was not barred by section 300 of the Executive Law since it contained no allegation of discrimination on the basis of sex. These cross appeals ensued. There is no statutory requirement for a hearing on the issue of petitioner's qualifications for preference in appointment. This petitioner conceded. The petitioner also does not have a property interest in being appointed a firefighter which would require a hearing under due process. Petitioner was advised prior to the hearing that the word "resident" is synonymous with "domicile", and she accepted that interpretation. Domicile "is the place where a person lives, with the intention of making it his fixed and permanent home" (17 NY Jur, Domicil and Residence, § 2). The Commission's reliance upon the statement in petitioner's application, and the facts concerning her voting was neither arbitrary nor capricious (Matter of Pell v Board of Educ., 34 NY2d 222). While petitioner's testimony and the affidavits submitted on her behalf may have established her residence in the City of Albany, the statement in her application and the facts concerning her voting presented a rational basis for the determination that she was not domiciled in the City of Albany during the entire period in issue. The determination is based upon substantial evidence. Petitioner's contention that she was not given a fair hearing because her application was not

entered into evidence at the hearing is without merit. Where there is no statutory or constitutional right to a hearing, an administrative agency may utilize the contents of its own files in reaching a determination *(Matter of Fink v Cole,* 1 NY2d 48). The respondents' contention on their cross appeal that the CPLR article 78 proceeding and the complaint filed with the State Division of Human Rights on March 1, 1978 are based on the same grievance is without merit. The complaint filed with the Division of Human Rights charged that petitioner was refused employment because she is a female. There is no allegation of discrimination based on sex, however, in the instant CPLR article 78 proceeding. The CPLR article 78 proceeding was brought to review the determination of the Commission as to petitioner's residency for purposes of a preferred appointment list. These proceedings are not based on the same grievance, and petitioner might consistently prevail in one and not the other *(Matter of Board of Educ. v State Div. of Human Rights,* 38 AD2d 245, affd 33 NY2d 946; cf. *Matter of City of Albany v Public Employment Relations Bd.,* 57 AD2d 374). The judgment appealed from must, therefore, be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.