Antoinette O'CONNOR, Gary Chadwick, Joanne Chadwick and Mary Schlich, Plaintiffs,

v.

Anthony MAZZULLO, individually and as Superintendent of Schools for the Garrison Union Free School District; Edward Vrooman, individually and as Vice-President of the Board of Education of the Garrison Union Free School District; Nor Preusser, individually and as a member of the Board of Education of the Garrison Union Free School District; Edward Ricca, individually and as a member of the Board of Education of the Garrison Union Free School District; John Gardner, individually and as a member of the Board of Education of the Garrison Union Free School District; Janet Spalding, individually and as a member of the Board of Education of the Garrison Union Free School District; Wilhemina Roda, individually and as a member of the Board of Education of the Garrison Union Free School District; and Garrison Union Free School District, Defendants.

No. 81 Civ. 1624 (ADS).

United States District Court, S. D. New York.

April 13, 1982.

As Amended April 26, 1982.

Hall, Clifton & Schwartz, New York City, for plaintiffs; Arthur Z. Schwartz, New York City, of counsel.

Winer, Neuburger, & Sive, P. C., New York City, for defendants; Daniel Riesel, Eric Bregman, Lawrence R. Sandak, Jay S. Blumenkopf, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

### SOFAER, District Judge:

Plaintiffs are three teachers and a former nurse-teacher in the Garrison Union Free School District ("District") who claim that the District took various forms of adverse action against them because they had actively supported one of two rival unions seeking to represent the District's employees. Defendants have moved for summary judgment on various grounds. After arguing the present motion, the parties informed the Court that they had settled the claims of plaintiffs Gary and Joanne Chadwick, which are causes of action 1, 3, 4, 10, 11, 12, and 13 of the complaint. With respect to the remaining causes of action and plaintiffs, the following discussion disposes of the motion and of most of the litigation.

Plaintiffs' Second, Sixth, Eighth, and Ninth causes of action in the present complaint allege that defendants' actions were unconstitutional because improperly motivated. These causes of action largely replicate an improper practice charge that plaintiffs filed with the Public Employment Practices and Representation Board of New York State ("PERB"). In response to that charge, defendants admitted that the adverse actions were taken but denied that they were motivated either by bias against unions in general or by bias against the particular union that plaintiffs supported. A PERB Hearing Officer conducted a five-day hearing at which the parties had full due process rights, including legal representation and an opportunity to examine and cross-examine witnesses. At the hearing's conclusion, the Hearing Officer made findings of fact about defendants' motivation in taking action against plaintiffs; in particular, he found that defendants were not motivated by anti-union bias. Motion for Summary Judgment, Ex. D. Plaintiffs challenged some of the findings on appeal to PERB, which dismissed all the exceptions and affirmed the decision.

Defendants now contend that plaintiffs are collaterally estopped in this proceeding from relitigating the facts relevant to defendants' alleged anti-union bias. This contention is correct but too limited. Collateral estoppel binds defendants as well as plaintiffs, because both were parties to the earlier adjudication. *See Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Moreover, the doctrine here bars relitigation of the findings on defendants' motivation generally; it is not restricted to the finding that anti-union bias did not motivate the challenged adverse actions. All the facts relevant to defendant's motivation were fully and fairly litigated in a trial-type hearing before a competent and impartial state-agency tribunal. A PERB determination cannot be collaterally attacked in the New York courts, though it may be subject to limited judicial review, and is treated as final by New York law. *See Taylor v. New York City Transit Authority*, 309 F.Supp. 785, 792 (E.D.N.Y.), aff'd, 433 F.2d 665 (2d Cir. 1970); *Incorporated Village of Lynbrook v. New York State Public Employment Relations Board*, 48 N.Y.2d 398, 423 N.Y.S.2d 466, 399 N.E.2d 55 (1979); N.Y. Civ.Serv.Law § 213 (McKinney 1973). All the findings about defendants' motivation, moreover, were necessary to the PERB determination, because the issue was whether defendants had acted in order to interfere with or penalize the exercise of the right to support union activity. In these circumstances, collateral estoppel should bar relitigation of the facts determined in the PERB proceeding, even though this action

**644**

presents constitutional challenges and even though the state tribunal is an administrative agency rather than a court. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559–60, 16 L.Ed.2d 642 (1966); *Winters v. Lavine,* 574 F.2d 46, 54–60 (2d Cir. 1978); *Mitchell v. National Broadcasting Co.,* 553 F.2d 265, 268–69 (2d Cir. 1977); *Gear v. City of Des Moines,* 514 F.Supp. 1218 (S.D.Iowa 1981); *Moore v. Bonner,* 526 F.Supp. 143, 150 (D.S.C.1981); *Taylor v. New York City Transit Authority, supra,* 309 F.Supp. at 791–92.

Application of collateral estoppel requires granting summary judgment to defendants on the Second and Eighth causes of action, which allege that defendants' actions were motivated by anti-union bias. Although plaintiffs now style their causes of action in constitutional terms, the underlying and controlling factual issue—whether defendants were motivated by anti-union bias— is identical to those fully litigated in the PERB proceeding. Plaintiffs there charged that defendants violated New York Civil Service Law § 209–a by taking adverse actions against plaintiffs in order to interfere with or penalize plaintiffs' exercise of their rights, under New York Civil Service Law § 202, to support or participate in union activities. That charge raises precisely the issue that plaintiffs now raise in alleging a first amendment violation based on anti-union motivation. Plaintiffs have submitted no affidavits or other evidence to suggest any ground other than anti-union bias for their first amendment claims, with the exceptions discussed below. The PERB finding that defendants were not motivated by anti-union bias therefore binds plaintiffs here. *See Winters v. Lavine, supra,* 574 F.2d 46; *Mitchell v. National Broadcasting Co., supra,* 553 F.2d 265; *Taylor v. New York City Transit Authority, supra,* 309 F.Supp. 785. To the extent that the Eighth cause of action alleges unconstitutional motivation of any other sort, the allegation is conclusively rebutted by the PERB finding that the decision not to hire plaintiff Schlich for the English teacher position was made "solely" on legitimate grounds and that there was no evidence that Schlich ever applied for a position as Emergency Medical Technician. *See* Defendants' Rule 9(g) statement, unrebutted by plaintiffs. For these reasons, all defendants are entitled to summary judgment on the Second and Eighth causes of action.

■ Defendants are likewise entitled to summary judgment on the Sixth cause of action. The PERB hearing officer found that plaintiff O'Connor's transfer was not motivated by anti-union bias or by any desire to retaliate for the exercise of first amendment rights. That finding binds plaintiff O'Connor here. That the hearing officer found an illegitimate reason for defendant Mazzullo's chastisement of O'Connor does not affect defendants' entitlement to summary judgment on the Sixth cause of action, which challenges only Mazzullo's transfer of O'Connor, not his reprimand of her. *See* Def. Motion for Summary Judgment, Ex. D at 13–14.

■ On the Ninth cause of action, all defendants except Mazzullo are entitled to summary judgment. Plaintiffs have submitted no affidavits or other evidence that even suggests that these defendants participated in the decisions challenged in the Ninth cause of action or that the challenged decisions were made pursuant to a school district policy. Moreover, those defendants cannot be held liable on a *respondeat superior* theory. *See Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978); *Gorman v. Tilles,* 79 Civ. 2251 (E.D.N.Y. 1980).

■ Mary Schlich claims in the Ninth cause of action that defendants refused to consider her for various available positions because of defendant Mazzullo's animus towards her. Mazzullo's motivation, as defendants urge in their motion for summary judgment, was fully considered by the PERB Hearing Officer. He specifically found that Mazzullo had admitted that "a factor in his decision not to consider [Schlich] was the fact that she had complained" to the school board and brought an

improper practice charge at PERB. That the Hearing Officer properly found that Mazzullo had no bias against one union or the other, provides no basis for dismissing Schlich's present claim. The complaint alleges that Mazzullo acted "with malicious intent to retaliate" for Schlich's resort to "expression protected by the First and Fourteenth Amendments," as well as "her association with G.E.A.," the union she favored. Her resort to PERB is itself an expression protected by the first amendment, which guarantees the right to seek redress of grievances in courts or in administrative agencies. U.S.Const. amend. I; *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed.2d 642 (1972); *cf. Edwards v. Habib,* 397 F.2d 687, 690 (D.C.Cir.1968), *cert. denied,* 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969) (first amendment violated by state evicting tenant for reporting housing code violations to authorities). A public school may not deny employment solely because of a teacher's exercise of first amendment rights. *See Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 283–84, 97 S.Ct. 568, 574, 50 L.Ed.2d 471 (1977); *Perry v. Sindermann,* 408 U.S. 593, 597–98, 92 S.Ct. 2694, 2697–98, 33 L.Ed.2d 570 (1972). Where, as here, no claim is made that plaintiffs' exercise of first amendment rights violated any policy established by the public employer to enable it to perform its functions, a denial of employment that is merely an "ad hoc response" to the lawful pursuit of a grievance is unconstitutionally motivated. *See Mt. Healthy City School District Board of Education v. Doyle, supra; Simard v. Board of Education,* 473 F.2d 988, 995 (2d Cir. 1973); *Hastings v. Bonner,* 578 F.2d 136, 140–42 (5th Cir. 1978); *Hillis v. Stephen F. Austin University,* 486 F.Supp. 663, 666–68 (E.D.Tex.1980); *Cooper v. Ross,* 472 F.Supp. 802, 809–10 (E.D.Ark.1979); *cf. Edwards v. Habib, supra,* 397 F.2d 687. Conceivably, the filing of a grievance against an employer might so poison an employment relationship that the employer's functions could not be carried out efficiently. *See Pickering v. Board of Education,* 391 U.S. 563, 570, 88 S.Ct. 1731, 1735, 20 L.Ed.2d 811 (1968); *Simard v. Board of Education, supra,* 473 F.2d at 996. But the circumstances in which a refusal to hire could be so justified are rare, for speech and other activity directed against the policies or actions of an employer is strongly protected by the first amendment. *See, e.g., Mt. Healthy City Board of Education v. Doyle, supra,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471; *Perry v. Sindermann, supra,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570; *Pickering v. Board of Education, supra,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811; *Simard v. Board of Education, supra,* 473 F.2d 988. The PERB Hearing Officer found no such circumstance in this case, and defendants have not put forth any evidence in response to plaintiffs' request for summary judgment that even suggests that Mazzullo's consideration of the exercise of protected rights was legitimately based on any policy related to the needs of educational administration. The record therefore clearly establishes that Schlich's exercise of her constitutional rights was a "motivating factor" in her not being hired. Defendant Mazzullo, who has conceded both the legal propriety of applying collateral estoppel and the fullness and fairness of the agency proceeding, is collaterally estopped from disputing that fact.

Under *Mt. Healthy City School District Board of Education v. Doyle, supra,* 429 U.S. at 287, 97 S.Ct. at 576, however, Mazzulo must be given an opportunity to allege and prove that he would have reached the same decision about Schlich's employment even absent the unconstitutional motivation. *See Oates v. United States Postal Service,* 458 F.Supp. 57, 59 (S.D.N.Y.), *aff'd,* 591 F.2d 1331 (2d Cir. 1978). The report of the PERB Hearing Officer does not include a finding on that issue, and in concluding that defendants violated New York Civil Service Law § 209–a.1(c), no finding on that issue appears to have been necessary. *See City of Albany v. Public Employment Relations Bd.,* 57 A.D.2d 374, 395 N.Y.S.2d 502 (1977), *aff'd on opinion below,* 43 N.Y.2d 954, 404 N.Y.S.2d 343, 375 N.E.2d 409 (1978). On the Ninth cause of action,

therefore, a limited trial may be warranted. Defendant Mazzullo will submit within twenty days of this order, under oath, any claim that he would have refused to consider Schlich for the positions involved even if she had not complained about him. Plaintiff Schlich will thereafter have twenty days to respond by way of a motion for summary judgment if such an allegation is made. On the motion, or at any subsequent trial, Mazzullo will have the burden of proving that Schlich would not have been hired even absent his unconstitutional motivation.

In the Fifth cause of action, O'Connor claims a violation of due process because she was transferred without her consent, in violation of state law. She has prevailed on this claim before the Education Commissioner, and defendants twice sought clarifications from the Commissioner, who clearly enough ordered that O'Connor be given her former position no later than the 1979–1980 school year. O'Connor sought enforcement of the Commissioner's decision in the Supreme Court, County of Rockland. Justice Richard J. Daronco carefully reviewed all of defendants' arguments in an opinion and granted O'Connor's application for enforcement. Defendants have, however, appealed Justice Daronco's decision to the Appellate Division. Consequently, this Court will abstain by holding the Fifth cause of action in abeyance, because the matter is one of intensely local concern and because the state-court decisions may make unnecessary a decision on whether O'Connor has a property interest entitled to federal constitutional protection. *Compare, e.g., Perry v. Sindermann, supra,* 408 U.S. at 597, 92 S.Ct. at 2697; *Teachers United for Fair Treatment v. Anker,* 445 F.Supp. 469, 472–73 (E.D.N.Y. 1977). The Seventh cause of action merely states the procedural history relevant to the Fifth cause and alleges that the failure to reinstate plaintiff violates her rights; it too must be held in abeyance pending completion of state court proceedings.

The Fourteenth cause of action alleges that defendants' acts were "outrageous" and were intended to and did cause emotional distress. To the extent this allegation is a separate cause of action, it alleges a prima facie tort under New York law. That tort requires (1) the intentional infliction of harm (2) resulting in damages (3) without excuse or justification (4) by an otherwise lawful act. *Sadowy v. Sony Corp. of America,* 496 F.Supp. 1071, 1074–75 (S.D.N.Y.1980). Though its elements can thus be enumerated, the contours of this tort are the subject of considerable uncertainty, especially where the complaint alleges that defendants had several motives— here both the desire to retaliate for plaintiffs' exercise of first amendment rights and the desire to chill future speech. *See id.; National Nutritional Foods Ass'n v. Whelan,* 492 F.Supp. 374, 382–86 (S.D.N.Y. 1980); *Avigliano v. Sumitomo Shoji America, Inc.,* 473 F.Supp. 506, 515–16 (S.D.N.Y. 1979), *modified on other grounds,* 638 F.2d 552 (2d Cir. 1981); *Korry v. ITT,* 444 F.Supp. 193, 195 (S.D.N.Y.1978); *Board of Education v. Farmingdale Classroom Teachers,* 38 N.Y.2d 397, 405–06, 380 N.Y.S.2d 635, 644–45, 343 N.E.2d 278, 284–85 (1975); *Squire Records v. Vanguard Recording Society,* 25 A.D.2d 190, 191–92, 268 N.Y.S.2d 251, 253, *aff'd on other grounds,* 19 N.Y.2d 797, 279 N.Y.S.2d 737, 226 N.E.2d 542 (1st Dep't 1966). In this case, any trial that may be necessary on the federal claim will be limited to one substantive issue, much narrower than the issues needed to be tried for a prima facie tort claim. The policies behind the federal cause of action, moreover, differ substantially from those behind the state cause. In these circumstances, to avoid a trial dominated by state issues and a needless decision in an uncertain area of state law unrelated to the federal claims, an exercise of pendent jurisdiction is inappropriate, and the claim is dismissed without prejudice. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Crawford v. Roadway Express, Inc.,* 485 F.Supp. 914, 922 (W.D.La.1980); *Holmes v. Elks Club, Inc.,* 389 F.Supp. 854 (M.D.Fla. 1975).

The Fifteenth cause of action restates in general terms the claim of plaintiffs that defendants have retaliated against them for

their exercise of first and fourteenth amendment rights, in violation of 42 U.S.C. §§ 1983, 1985(3). The § 1983 claim is identical to, and is therefore resolved in the same way as, the constitutional claims discussed above. No cause of action against any defendant is alleged under § 1985(3), which requires action against a protected group. *See Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Orshan v. Anker*, 489 F.Supp. 820, 823 (E.D.N.Y.1980).

Therefore, defendants' motions for summary judgment and dismissal are granted with respect to all claims not settled, except that summary judgment will be granted in favor of plaintiff Schlich on the Ninth cause of action, against defendant Mazzullo, unless he demonstrates a genuine dispute of material fact as to the issue discussed above. The Court abstains on the Fifth and Seventh causes of action, which are placed on the suspense calendar until the completion of related state-court proceedings. The parties will proceed with any necessary discovery on the remaining substantive issue, and on the issue of damages; the case will be called for trial by the Court on twenty-four hours notice after June 1, 1982, on all remaining issues.

SO ORDERED.