■ In the Matter of COUNTY OF NASSAU, Petitioner, v STATE OF NEW YORK PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, and PATROLMEN'S BENEVOLENT ASSOCIATION OF THE COUNTY OF NASSAU, INC., Intervenor-Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Public Employment Relations Board, dated December 30, 1982, which affirmed a hearing officer's finding, dated August 5, 1982, that petitioner had committed an improper practice in violation of section 209-a (subd 1, par [d]) of the Civil Service Law, and ordered petitioner, *inter alia,* to restore the practice of premium payments as it existed prior to July 6, 1981 and to compensate those employees who may have been improperly denied such premium payments, together with 3% interest thereon. "Counterclaim" by respondent for enforcement of its order.

Determination confirmed, proceeding dismissed on the merits, and counterclaim granted, without costs or disbursements.

Petitioner's challenge to respondent's jurisdiction over the instant matter was not raised in the proceedings before respondent and is, in any event, without merit (see 4 NYCRR 204.10 [b] [4]; *Matter of Yonkers Gardens Co. v State of New York Div. of Housing & Community Renewal,* 51 NY2d 966; *Matter of Levine v New York State Liq. Auth.,* 23 NY2d 863). The decision and order of respondent have a rational basis in law and are supported by substantial evidence in the record. Finally, respondent's order is within its statutory remedial powers, and should, therefore, be enforced (see Civil Service Law, § 205, subd 5, par [d]; § 213, subd [a]; *Matter of City of Albany v Helsby,* 29 NY2d 433, 438-439). We note, however, that said order shall remain in effect only until such time as there shall come into existence an arbitration award or collective bargaining agreement specifically addressing the matter in controversy in this proceeding, i.e., overtime compensation for missed meal periods. Mollen, P. J., O'Connor, Boyers and Lawrence, JJ., concur.