■ City of New York, Respondent, v Malcolm D. Mac-Donald, as Chair of the New York City Board of Collective Bargaining, et al., Appellants. [657 NYS2d 681] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered February 29, 1996, which granted the petition brought pursuant to CPLR articles 75 and 78, annulled and set aside an order of respondent Board of Collective Bargaining dated June 24, 1994, mandating arbitration between petitioner and respondent Social Service Employees Union, Local 371, and which permanently stayed such arbitration, unanimously affirmed, without costs.

Following an Office of Administrative Trials and Hearings ("OATH") hearing, factual findings and a recommendation of dismissal, the Commissioner of the Human Resources Administration made a final determination and terminated the employee. The express provisions of Civil Service Law §§ 75 and 76 limit the appealability of a final agency determination to an article 78 proceeding or an appeal to the Civil Service Commission, neither of which was undertaken herein. The Board of Collective Bargaining's order that the City was required to arbitrate the issue of the OATH's jurisdiction, specifically whether the employee ever received notice of the proceedings, thus triggering his right under the collective bargaining agreement to elect the grievance procedure, was therefore arbitrary and an abuse of the Board's discretion (*see, Matter of Committee of Interns & Residents [Dinkins]*, 86 NY2d 478, 484). The employee's proper remedy for his claimed lack of receipt of no-

tice was through the statutory appellate process. The Board erred in accepting the waivers required as a precondition to invoking arbitration (Administrative Code of City of NY § 12-312 [d]), since, once the OATH process had taken place, the waiver requirement could not be satisfied and the grievance could not be subject to arbitration. It may be noted, moreover, that the employee did, in fact, receive personal notice, at his place of employment, of both the charges and specifications and of the notice of dismissal and termination, which expressly advised him of his entitlement to appeal. We have reviewed the Board's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin, Tom and Mazzarelli, JJ.