■ In the Matter of LILLIAN ROBERTS, as Executive Director of District Council 37, AFSCME, AFL-CIO, Appellant, v BOARD OF COLLECTIVE BARGAINING OF THE OFFICE OF COLLECTIVE BARGAINING, et al., Respondents. [934 NYS2d 379]—

The motion court properly dismissed the petition because petitioner, Executive Director of District Council 37, AFSCME, AFL-CIO, cannot challenge the penalty of dismissal, imposed on union member Zinovy Levitant, in this proceeding. Levitant's termination from his position with the Human Resources Administration (HRA) was preceded by a February 2, 2007 Office of Administrative Trials and Hearings' recommendation and report. Levitant's appeal of HRA's penalty was dismissed by the Civil Service Commission, and Levitant failed to commence an article 78 proceeding challenging that determination. "The express provisions of Civil Service Law §§ 75 and 76 limit the appealability of a final agency determination to an article 78 proceeding or an appeal to the Civil Service Commission" (*City of New York v MacDonald*, 239 AD2d 274, 274 [1997]).

The motion court also properly found that the challenged January 23, 2008 decision by the Board of Collective Bargaining was not arbitrary and capricious insofar as it failed to order the rescission and expungement of Levitant's termination (*see* CPLR 7803 [3]). The challenged determination only related to the improper charge of misuse of confidential information. Levitant's termination was based on a number of sustained charges which were not found to be the product of improper anti-union practices. Thus, the Board reasonably concluded that there was no basis to order the rescission and expungement of Levitant's termination. Reinstatement of an employee in the context of an improper practice petition before the Board is only warranted where anti-union animus was the " 'substantially motivating cause' of his dismissal and not merely one of the reasons therefor" (*Matter of City of Albany v Public Empl. Relations Bd.*, 57 AD2d 374, 376 [1977], *affd* 43 NY2d 954 [1978]; *see also Matter of County of Nassau v State of N.Y. Pub. Empl. Relations Bd.*, 103 AD2d 274, 279 [1984]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.