Matter of City of New York v Board of Collective Bargaining of the City of N.Y. (2025 NY Slip Op 07089)

Matter of City of New York v Board of Collective Bargaining of the City of N.Y.

2025 NY Slip Op 07089

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, Shulman, Rosado, JJ. 

Index No. 452449/22|Appeal No. 5430|Case No. 2024-03014|

[*1]In the Matter of The City of New York et al., Petitioners-Appellants,
vThe Board of Collective Bargaining of the City of New York et al., Respondents-Respondents.

Muriel Goode-Trufant, Corporation Counsel, New York (Jennifer Lerner of counsel), for appellants.
Office of Collective Bargaining, New York (Peter Zwiebach of counsel), for The Board of Collective Bargaining of the City of New York and Susan J. Panepento, respondents.
Daniel R. Bright, New York, for Marine Engineers' Beneficial Association, AFL-CIO, respondent.

Judgment (denominated an order), Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about March 28, 2024, which denied the petition to annul respondent Board of Collective Bargaining of the City of New York's determination, dated August 3, 2022, granting the improper practice petition filed by respondent Marine Engineers' Beneficial Association, AFL-CIO (MEBA), granted respondents' cross-motions to deny the petition, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court properly denied the petition and granted the cross-motions to dismiss the proceeding, as the Board's decision was rational and supported by the evidence in the record (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]). The Board had a rational basis to conclude that anti-union animus motivated the employee's suspension and demotion. Testimony from multiple witnesses showed that the discipline imposed was disproportionate to the offenses and similarly situated employees who engaged in the same conduct received no discipline. Moreover, the witness testimony and documentary evidence established a temporal relationship between the union activity the employee engaged in and the disciplinary action taken.
It was also proper for the Board to reinstate the employee based on the Board's finding that anti-union animus was the substantially motivating cause of his dismissal, and not merely one of the reasons therefor (see Matter of Roberts v Board of Collective Bargaining of the Off. of Collective Bargaining, 90 AD3d 440, 441 [1st Dept 2011]).
Respondents' argument that the employee in question is entitled to interest 
on backpay is unpreserved, and we may not consider it in the interest of justice (see Matter of Hassan v New York City Civ. Serv. Commn., 238 AD3d 603, 603 [1st Dept 2025]).
We have considered petitioners' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025