■ In the Matter of TOWN OF ISLIP, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [993 NYS2d 143]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Public Employment Relations Board dated May 27, 2011, which affirmed a decision of an administrative law judge dated March 1, 2010, finding, after a hearing, that an improper practice charge filed by Local 237, International Brotherhood of Teamsters and United Public Service Employees Union, alleging that the petitioner, Town of Islip, violated Civil Service Law § 209-a (1) (d), was established, and directing the Town of Islip, inter alia, to "restore the vehicle assignments for commutation between home and work to those unit members who enjoyed the benefit prior to April 4, 2008," and to "make whole unit employees for the extra expenses incurred as a result of the unilateral withdrawal of the vehicle assignments, if any, together with interest at the maximum legal rate," and, in effect, cross petition by the New York State

Public Employment Relations Board to enforce its order. By decision and judgment dated March 13, 2013, this Court confirmed the determination of the Public Employment Relations Board, denied the petition, dismissed the proceeding, granted the cross petition, and remitted the matter to the Supreme Court, Suffolk County, for the issuance of an order compelling compliance with the decision and judgment (*see Matter of Town of Islip v New York State Pub. Empl. Relations Bd.*, 104 AD3d 778 [2013]). In an opinion dated June 5, 2014, the Court of Appeals modified the decision and judgment of this Court, and remitted the matter to this Court "with directions to remand to the New York State Public Employment Relations Board for further proceedings in accordance with the opinion" (*Matter of Town of Islip v New York State Pub. Empl. Relations Bd.*, 23 NY3d 482, 496 [2014]).

Ordered that, upon remittitur from the Court of Appeals, the matter is remitted to the New York State Public Employment Relations Board for further proceedings in accordance with the opinion of the Court of Appeals in *Matter of Town of Islip v New York State Pub. Empl. Relations Bd.* (23 NY3d 482 [2014]).

The Court of Appeals determined that the remedial order issued by the New York Public Employment Relations Board (hereinafter PERB) in this matter was "unduly burdensome under the circumstances, and d[id] not further the goal of reaching a fair negotiated result" (*Matter of Town of Islip v New York State Pub. Empl. Relations Bd.*, 23 NY3d 482, 494 [2014]). As relevant here, the Court of Appeals stated as follows: "We review the remedies imposed by PERB with deference to its expertise (*see Matter of City of Albany v Helsby*, 29 NY2d 433, 439 [1972]). Thus 'a remedy fashioned by PERB for an improper practice should be upheld if reasonable,' although '[i]t is for the courts to examine the reasonable application of PERB's remedies' (*Matter of Manhasset Union Free School Dist. v New York State Pub. Empl. Relations Bd.*, 61 AD3d 1231, 1234-1235 [3d Dept 2009] [citations and internal quotation marks omitted]; *see* Civil Service Law § 213 [d]). Here, PERB's remedial order requires the Town to '[f]orthwith restore the vehicle assignments for commutation between home and work to those unit members who enjoyed the benefit prior to April 4, 2008.' A PERB injunction was not sought to preserve the status quo ante, and the Town sold some or all of the cars formerly permanently assigned to blue- and white-collar unit employees. Forcing the Town to invest significant taxpayer dollars to replace these vehicles is unduly burdensome under the circumstances, and does not further the goal of reaching a fair negotiated result (*cf.*

*Matter of Manhasset Union Free School Dist.*, 61 AD3d at 1235 [enforcement of a PERB order for the school district to restore the personnel and facilities of its former transportation department was unreasonable where the district had sold its buses and leased its garage, and compliance with the order might require taxpayer approval]). We therefore remit so that PERB may fashion a remedy that grants commensurate, practical relief to the employees subject to the improper practice without requiring the Town to purchase a whole new fleet of vehicles with an uncertain future" (*id.* at 494).

In light of the determination of the Court of Appeals, we remit the matter to PERB for further proceedings in accordance with that determination. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.