■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants, v ROCKLAND COUNTY et al., Respondents. [41 NYS3d 522]—

Appeal from a judgment of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated December 18, 2013. The judgment, insofar as appealed from, denied two consolidated petitions filed pursuant to CPLR article 78, and dismissed the proceedings.

Ordered that the judgment is affirmed insofar as appealed from, with costs payable by the appellants appearing separately and filing separate briefs.

In 1985, Rockland County provided health insurance benefits for its employees through a self-funded health benefits program. Resolution No. 647 of 1985 and resolution No. 620 of 1989 authorized a specific pharmacy operated by the County Department of Health and Hospitals (hereinafter the DHH) to accept and fill prescriptions from County employees and waived the co-payments for prescriptions filled at that pharmacy. This benefit also was extended to county retirees. In 1992, however, the County discontinued its practice of allowing its employees to fill prescriptions at the pharmacy operated by the DHH. In 1993, the County contracted with a third party to provide pharmacy services for its employees. The provider filled employee prescriptions at a nearby, privately operated pharmacy (hereinafter the subject pharmacy). In 2002, the County terminated its self-funded health benefits program and became a participating employer in the New York State Health Insurance Program. The County began to provide health insurance benefits through the Empire Plan, which required co-payments for prescription drugs. However, as part of the provider contract, the County paid the cost of co-payments so that county employees and retirees continued to receive prescriptions from the subject pharmacy without making co-payments. In 2003, the county legislature enacted resolution No. 545 of 2003, stating its opposition to any unilateral reduction in benefits by the then-Insurance Director of the County.

In 2005, the county legislature enacted Local Law No. 6 of 2005, codified at Rockland County Code § 121-18 et seq. Section 121-21 provides, in pertinent part, that all retirees from county employment "shall be eligible to receive the same level of health benefits consistent with past practice they received on the last day of their employment." The same provision also states that "retirees shall be liable for their share, if any, of the

benefits, as fixed in the applicable collective bargaining agreement or by law." "Benefits" is defined as those that employees "had or will receive pursuant to their enrollment in the health benefits plan they participate in at the time of retirement" (Rockland County Code § 121-20). The findings and declaration of intent provides that "retirees who qualify for health benefits are to retain the level of benefit that they enjoyed pursuant to their collective bargaining agreements" (Rockland County Code § 121-19 [D]).

By letter dated January 4, 2013, the County Executive and Director of Insurance and Risk Management notified county employees and retirees that the provider contract for the subject pharmacy would expire on February 1, 2013, and employees and retirees would be responsible for the full cost of prescription drug co-payments in accordance with their respective health insurance plans. Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, and certain of its members, and the Rockland County Sheriff's Deputies Association, Inc., and one of its members (hereinafter collectively the unions) commenced these proceedings pursuant to CPLR article 78, on behalf of themselves and all of their members, to review the determination. The unions contended that, pursuant to the above resolutions of 1985, 1989, and 2003, and Local Law No. 6 of 2005, their members had statutory rights to continue receiving the benefit of filling prescriptions without being responsible for the co-payments. The Supreme Court denied the petitions and dismissed the proceedings, determining that the cited resolutions and local law did not provide a right to the benefit. The unions appeal.

Contrary to the unions' contention, the cited resolutions did not provide county employees with a right to have their prescription drug co-payments, which are payable to a third-party provider, paid by the County, nor did they require the County to continue its provider contract for operation of the subject pharmacy. Insofar as the County eliminated a past practice concerning health benefits without prior negotiation with the unions, the unions' remedy is to file their improper practice charges with the Public Employment Relations Board (*see* Civil Service Law §§ 209-a [1] [d]; 205 [5] [d]; *Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.*, 19 NY3d 876, 879 [2012]; *Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 331-332 [1998]; *Matter of Town of Islip v New York State Pub. Empl. Relations Bd.*, 120 AD3d 1425 [2014]).

Furthermore, Local Law No. 6 of 2005 did not provide county

retirees with a right to the continued prescription drug co-payment benefit. "[T]he text of a provision 'is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning' " (*Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities*, 19 NY3d 106, 120 [2012], quoting *Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]). The plain language of the local law limits its protection to those benefits which were included in the health benefits plans entered into pursuant to collective bargaining agreements. It is undisputed that none of the applicable collective bargaining agreements or related health benefits plans contained a negotiated benefit to receive prescription drugs free of any co-payments. Accordingly, this benefit provided by the County was outside the protection of the local law.

The unions' remaining contention is without merit.

Accordingly, the Supreme Court properly denied the petitions and dismissed the proceedings. Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.